## MERCY M. CARTER *vs.* CYRUS L. CARTER.

After a decree for a divorce in favor of the wife, the parties agreed, and the court thereupon passed an order, to submit to the final determination of an arbitrator the question "what sums of money and property" the husband had received and not accounted for of the wife's separate property, and that they should be paid to her as alimony and in full of all claim therefor. The arbitrator awarded that the husband had received and not accounted for, of her separate property, a certain amount. The husband moved the court to set aside the award, because among the claims presented by her was one which was included in making up the award, although it was disallowed by the arbitrator; because the award allowed interest on all amounts of her property received by him, whereas the terms of the submission did not authorize such an allowance; and because a balance in the interest account was found against him by an error of computation. *Held*, 1) that the first ground could only be supported by proof that the claim was included in the amount of the award by a mistake; (2) that the question whether interest received by the husband on the wife's property in his hands was money belonging to her as her

separate property was within the terms of the submission; and (3) that if by a mistake in computation, or in any other respect, the arbitrator did not apply the rules which he intended to the case, so that the award was not what he intended, it should be set aside.

LIBEL for a divorce from the bond of matrimony. After the decree for divorce, the parties filed an agreement at April term 1870, "that a decree may be entered in favor of the libellant, requiring the libellee to pay over to her, as alimony, all sums of money and property, if any, which he has received and has not accounted for, of her separate property; and that this question shall be referred" to a person named, "who shall hear the parties and report to the court at the next term, and his report shall be final, and a judgment of the court in favor of the libellant shall be entered on such report if he shall find anything due from the libellee to the libellant; such decree to be final, and in full for all claim to alimony."

The court thereupon ordered "that a decree be entered requiring the libellee to pay over as alimony to the libellant all sums of money and property, if any, which the libellee has received and has not accounted for, of the separate property of the libellant; and that this question be referred" to the arbitrator named in the agreement, "to hear the parties and make report of his findings in the premises to the court."

The arbitrator reported that, "after having fully heard all that the parties desired to submit to me touching the matters referred to me, and having carefully considered the same, I do hereby award and determine that the libellee has received and has not accounted for, of the separate money and property of the libellant, the sum of $2048.61, and I accordingly find that the libellant is entitled to a decree requiring him to pay her the said sum of $2048.61."

The libellee moved the court to set aside this award, and specified the following causes for the motion:

" 1. That, among the claims presented by the libellant to the arbitrator under the submission in this cause, was one for an alleged difference between the profits of an investment of certain moneys of hers, made by the libellee for her benefit, in a certain

leasehold estate in Chicago, and what would have been realized from the same if put out at interest. This claim, amounting to several thousand dollars, was objected to by the libellee, upon the ground, among other things, that it was not a claim for any money or property of hers which he had received and not accounted for, but for an alleged difference between the profits or income of an investment of her money made for her by him, which profits and income she had received, and what she might have realized if the same money had been put out at interest. This objection was sustained by the arbitrator, and the claim ruled out, and thereupon no evidence was offered, and no hearing was had before said arbitrator in regard to said claim, or any items thereof. But, notwithstanding these facts, the arbitrator has allowed, and included in his award of $2048.61, as a part thereof, the sum of $1205.89, being part of the items in said claim for a loss of profits in said Chicago investment, so improperly set up by the libellant as aforesaid, and being for moneys expended by her in the care and management of said leasehold property, of which the libellee had no knowledge.

" 2. That, excluding said claim in regard to said Chicago property, so ruled out by the arbitrator as aforesaid, it appeared by the libellant's own showing, by the account and the only account of her claims presented by her to the arbitrator to the knowledge of the libellee, that he had paid over to her money and property in excess of any money and property of hers received by him and that, in addition to the amounts of money and property which the libellant thus admitted in her account to have been paid over to and for her by the libellee, the arbitrator found that other large sums had been paid by him to and for her, so that she had received from him a number of thousands of dollars in excess of any money or property ever received by him belonging to her.

" 3. That the libellant claimed at the hearing before the arbitrator, that she should be allowed, and the libellee should be charged, interest on all sums and property of hers received by him ; and this claim the libellee denied, claiming that by the terms of the submission the arbitrator had no right to raise an

interest account, and declined to go into the same ; but the arbitrator has allowed said claim ; and the libellee alleges that the whole of the amount of said award, except so much as relates to said Chicago investment, is made up of a charge for interest objected to as aforesaid, and further, that, upon a true statement of an interest account upon the amounts received from and paid to the libellant by the libellee as found by the arbitrator, the balance would be largely in favor of the libellee, but that, by a mistake of the arbitrator in the computation of interest, the balance was found against him."

This motion was overruled by *Ames,* J., and the libellee appealed to the full court.

*D. Thaxter,* for the libellee.

*I. S. Morse & G. A. Morse,* for the libellant.

GRAY, J. Whenever a case is referred with the consent of the parties to arbitration, whether by rule of court, by mutual bonds in the country, or by agreement before a justice of the peace under the statute, the decision of the arbitrator upon the question submitted to him is final, both upon law and facts, unless otherwise provided by the terms of the submission or of his award ; and can be set aside only for exceeding the terms of the submission, for fraud or corruption, or for such mistake as shows that he did not apply the rules which he intended to apply to the decision of the case. *Boston Water Power Co.* v. *Gray,* 6 Met. 131. *Fairchild* v. *Adams,* 11 Cush. 549, 555. *Smith* v. *Boston & Maine Railroad,* 16 Gray, 521. *Ellicott* v. *Coffin,* 106 Mass. 365.

In a cause of divorce, the question of the amount to be awarded as alimony is indeed within the discretion of the court, having regard to the conduct of both parties, the amount of property of each, and all the other circumstances of the case. *Graves* v. *Graves,* 108 Mass. 314. But it does not follow that it must necessarily be heard and decided only by the judge in person, when he deems it convenient to have the facts ascertained in the first instance by a master or similar officer of the court, or the parties desire that it may be submitted to arbitration. Our divorce act expressly authorizes this court, in all cases when the course of proceeding is not specially prescribed, to hear and de

termine all matters coming within its purview according to the course of proceeding in ecclesiastical courts and courts of equity, and to issue all proper and necessary processes. Gen. Sts. *c.* 107, § 53. Where the jurisdiction in divorce is vested in the court of chancery, the ordinary course of proceeding is to refer the question of alimony to a master. *Peckford* v. *Peckford*, 1 Paige, 274. *Cooledge* v. *Cooledge*, 1 Barb. Ch. 77. *Barber* v. *Barber*, 21 How. 582, 585. And in England, independently of any statute, the court of chancery may with the consent of parties refer a case pending therein to arbitration, and, according to the more modern authorities, when the agreement upon which the order of reference is made provides that the award shall be final, it can be set aside for the same causes only as at law. *Knox* v. *Symmonds*, 1 Ves. Jr. 369. *Dick* v. *Milligan*, 2 Ves. Jr. 23; *S. C.* 4 Bro. Ch. 117, 536. *Ford* v. *Gartside*, 2 Cox Ch. 368. *Young* v. *Walter*, 9 Ves. 364.

In the present case, the agreement of the parties, and the order of the court in accordance therewith, submitted to the final determination of the arbitrator the question what sums of money and property the husband had received of the separate property of the wife, and provided that those sums should be paid over to the wife as alimony, and in full of all claim therefor, and required the award to be reported to the court only in order that process might issue to enforce it. The single sum awarded by the arbitrator is reported by him to be the amount that the husband has received and has not accounted for of the separate money and property of the wife.

The first cause assigned for the motion to set aside the award is, that among the claims presented by the wife to the arbitrator was one for a loss of profits from improper investment by the husband of her separate property. But the motion itself states that this claim was disallowed by the arbitrator; and can be supported, upon this point, only by proof that he by mistake afterwards included this claim in computing the amount for which the husband was liable.

The second cause assigned amounts to no more than an allegation that the arbitrator made an erroneous decision upon the

evidence introduced before him; and was abandoned at the argument.

The third cause assigned is, that the arbitrator allowed interest on the amount received by the husband of the separate property of the wife. But we are of opinion that the question whether interest so received by him was money belonging to the wife as her separate property was within the terms of the submission.

It is further alleged that the balance of the interest account was found against the husband by a mistake of computation. If the husband can prove that in this or any other respect the arbitrator by mistake did not apply the rules which he intended to apply to the case, so that the award is not the result of his judgment, and therefore is not what he intended it to be, the award should be set aside. *Hutchinson* v. *Shepperton*, 13 Q. B. 955. *Boston Water Power Co.* v. *Gray*, 6 Met. 131, 168–170, 181, 182. Upon this question only, the

*Case is to stand for hearing.*