FREDERICK SPOOR *vs.* WILLIAM TYZZER.

Suffolk. March 10, 1874. COLT & ENDICOTT, JJ., absent.

When a case is referred to arbitration to determine the boundary line between two estates, and an award is made accordingly, it is competent to show that the referee has made a mistake on his own theory ; but it is not competent to show that he has erred in judgment, or that he has made a mistake in his decision as to the true starting point.

TORT for breaking and entering the plaintiff's close in Chelsea. When the cause came on for trial, by direction of the presiding

judge it was referred to William H. Whitney, a civil engineer and surveyor, under the following rule : " And now the parties appear and agree to refer this action to the determination of William H. Whitney, who is also to act as surveyor, to survey the premises, establish the line between the parties, and make report thereof to the court ; judgment thereon to be final, and execution to issue accordingly." The deeds under which both parties claimed were from the Winnisimmet Company ; the plaintiff's deed having the boundary at which the description commenced, a point thirty-two feet northeasterly from Beacon Street, and running northeasterly on Winnisimmet Street sixteen and a half feet ; then turning at a right angle and running northwesterly to Pembroke Street, one hundred and twenty feet. The premises claimed by the defendant were next adjoining the plaintiff's, northeasterly.

The referee made a report in which he found that the plaintiff was not entitled to recover damages in the action. He also reported that he had surveyed the premises, and established the line between the parties, and found that the defendant was entitled to judgment. To this report the plaintiff filed the following objections : 1. Because the line established by the report is not in accordance with the lines and measurements in the deeds under which the parties hold their respective premises. 2. Because the line established by said report is not at a right angle with the line of Winnisimmet Street, as is required in the deeds of both plaintiff and defendant. 3. Because the monument from which the referee measured, near the corner of Winnisimmet and Beacon Streets, is not the point of beginning in the deeds of both the plaintiff and defendant, but a monument established by the City of Chelsea, long after those deeds were given, and in a different place from such corner mentioned in said deeds. 4. Because the referee has made a mistake in the measurements and distances as stated in the report, and the plan annexed thereto. 5. Because the referee has exceeded his authority in awarding that the defendant is entitled to judgment.

At the hearing in the Superior Court, before *Lord*, J., on a motion to accept the award, the plaintiff offered in evidence the affidavits of two surveyors, to sustain his objections. The presiding judge ruled that it was competent to show that the referee

had made a mistake upon his own theory; but that it was not competent to show that he had erred in judgment, or that he had made a mistake in his decision as to where the true starting point was; and accepted the award. The plaintiff excepted to this ruling.

*N. B. Bryant,* for the plaintiff.

*A. Hemenway,* for the defendant, was not called upon.

BY THE COURT. The only question brought up by these exceptions is the correctness of the ruling below; and that ruling was in exact accordance with repeated decisions of this court, the principal of which are cited in *Carter* v. *Carter,* 109 Mass. 306, 309.                                    *Exceptions overruled.*