## ALFRED DAVIS *vs.* WALTER HENRY.

Worcester.    October 6. — 23, 1876.    COLT & MORTON, JJ., absent.

An award of arbitrators can be set aside upon the ground of mistake, only upon its being shown that the mistake was made by them upon their own theory.

Where a case is referred to arbitration to determine the boundary line between two estates, a party, who under a misapprehension concedes an incorrect position of a point of division not in dispute, and is fairly put on his inquiry as to its true position, cannot object to an award made upon the basis of his concession.

BILL IN EQUITY alleging that the plaintiff and defendant are owners of adjoining lots of land on Main Street, in Worcester; that, a dispute having arisen between them as to the bound between their estates on Main Street, they submitted the question to arbitrators, who heard the parties and made their award; that the award was invalid because it changed the bound at the rear, which was not in dispute at the time of the submission or at the hearing before the arbitrators, and that it was then stated not to be in dispute; also because the arbitrators did not intend to change the bound at the rear, and supposed their award would not·change it, but through their mutual mistake and misapprehension the award was so framed as to make a material change, contrary to their intent and purpose; that, upon publication of the award, the plaintiff gave the defendant immediate notice of its invalidity, and contended that the award was not binding upon him; and that the plaintiff has since been in possession of the land, but the defendant has begun to build a permanent fence on the dividing line as fixed by the award.

The prayer of the bill was that the award might be set aside, that the defendant be enjoined from completing the fence, and for further relief.

Annexed to the bill were copies of the submission to arbitrators and of their award. The former recited that whereas a difference of opinion exists between the parties " as to the boundary line between the estates owned by them respectively, on the southeast side of Main Street, in Worcester," they agreed " to submit the decision of the question of the location of said line " to persons named, as arbitrators, " and the lines shall be established in accordance with said decision."

The award, annexed to the agreement of submission, recited that the arbitrators " do award and determine that the boundary line mentioned in the within agreement is fixed and determined as follows : Beginning on the southeasterly line of Main Street, in the city of Worcester, at a point seventy-one feet and four inches southwesterly from the southwesterly line of Allen Street at its intersection with said southeasterly line of Main Street, thence running southeasterly in a line almost parallel with the southwesterly line of said Allen Street, about one hundred and fifty (150) feet, to a point seventy-five (75) feet southwesterly from the said line of Allen Street, to the line running S. 60° W. one hundred and twenty-four (124) feet, as it appears on the plan hereto annexed."

The answer admitted the submission and award, and denied the other allegations of the bill.

The report of a master, to whom the case was referred, was as follows : " I find that the plaintiff has formerly been the owner of a strip of land on the corner of Allen Street and Main Street, including the two lots now owned by himself and the defendant, and land in rear of the same. This land was bounded in front on Main Street one hundred and sixty-three feet, more or less, in the rear by a line the length of which was sixty-eight feet, more or less, and on its two sides by straight lines, one of which, on the northeast side, was the line of Allen Street.

" When the plaintiff purchased said land, on his southwest line was an old wall somewhat out of place. This wall was removed soon after the plaintiff took his deed, and the point where it intersected Main Street was lost. The plaintiff sold off the defendant's lot to a third party, by a deed which conveys to the purchaser precisely ninety-three feet on Main Street, and forty-nine feet as the length of the rear line, the sides being straight lines ; and the defendant derives his title by mesne conveyances from this deed. The defendant, before any controversy arose between himself and the plaintiff, had become the owner of the land southwest of where the old wall had stood on his southwest line, and the starting point, from which to measure his ninety-three feet on Main Street, was lost.

" In this posture of affairs, the plaintiff claimed that there was in his original purchase a front line of about one hundred and

sixty-six or one hundred and sixty-seven feet, and that he owned all but the ninety-three feet which he had sold; in other words, that his front line from Allen Street was seventy-three or seventy-four feet long, and he was proceeding to build his front wall over the whole of that line when the defendant interfered and stopped his work.

"In the rear of the defendant's lot a barn had stood, and the plaintiff had claimed against the defendant that the eaves of that barn dripped on his lot. The defendant had torn down this old barn, and built a new one, setting it farther from the plaintiff's line to the southwest. In locating his new barn, he had measured off forty-nine feet, from the fence standing on the line of the old wall, on his rear line, and had caused a stake to˙ be set at that point. On the rear line of defendant's lot a picket fence was built. The northeast end of this fence was forty-nine feet from the line of the old wall, and corresponded with the stake set by the order of the defendant. The defendant claimed and testified, both before the arbitrators and before me, that this stake was not set as his corner bound, and that he never recognized it as such, but that it was set to make sure that his new barn should not encroach on the plaintiff's land. This was the situation when the reference to arbitrators was agreed upon.

"At the trial before the arbitrators the only contention between the parties was, 'What is the true point of division in the front or Main Street line?' There was no question but that the dividing line from front to rear was straight, and, the points of division in the front and rear lines being fixed, the dividing line was fixed. Evidence was introduced tending to fix the point of division in the front line, and the arbitrators found that there was more than one hundred and sixty-three feet in length on the front line of both lots, and awarded to the plaintiff the surplus of one foot and four inches, making his front line from Allen Street seventy-one feet four inches long, and the balance of said surplus to the defendant.

"As to the point of division in the rear line, I find that prior to the submission there never had arisen any controversy between the parties, and that at the view which was had by the arbitrators and at the hearing before them it was concede 1 by both parties that that point was not in dispute. I find that in

making that concession the parties misapprehended one fact, viz.: Both parties supposed that said point of division was seventy-five feet from Allen Street, S. 60° W., and forty-nine feet N. 60° E. of a fence standing on the defendant's southwest line, where the old wall had stood; in other words, that the plaintiff's rear line was seventy-five feet long and the defendant's rear line forty-nine feet long, making the length of the whole rear line one hundred and twenty-four feet, whereas, in fact, said rear line was one hundred and twenty-seven two tenths feet long, and the points which each party supposed the other agreed to as the true point were three and two tenths feet apart.

"A plan was used at the view and the hearing for the convenience of the parties. The distances marked on the plan were not verified by evidence or agreed to be correct. By that plan, the distance on the rear line from the point of division to Allen Street was seventy-five feet, and from the same point to said fence forty-nine feet. Something was said at the view about the stake at the end of the picket fence being the bound, but the defendant did not recognize it as such; and I find that there was no actual, visible bound set in said line which was agreed upon as the true point of division, either at the view or the hearing. The plan used is annexed to the award.

"The defendant expressly claimed before the arbitrators that the undisputed point of division in the rear line was seventy-five feet from Allen Street, and the plaintiff did not deny this or offer any evidence to control it. The arbitrators did not intend to make any change in the rear bound, but assumed as an admitted fact that this point was seventy-five feet from Allen Street, and, in fixing and describing the rear bound as at that point, supposed that they had fixed the true rear bound. I find that this was a mistake; that there was three and two tenths feet of surplus length in the rear line, that the defendant was entitled to forty-nine feet only, and the plaintiff to the balance, seventy-eight and two tenths feet, instead of seventy-five feet. But it appears to me, and I find that the plaintiff was fairly put upon inquiry before the award was made, as to whether there was any mistake in his concession relative to the dividing point in the rear line. E. M. Wheeler, a civil engineer and a witness before the arbitrators, testified before them that the distance from Allen Street

to the stake set forty-nine feet from the southwest line was seventy-eight and two tenths feet, making the whole distance one hundred and twenty-seven and two tenths. feet. This evidence was not controlled, and was used in argument by the plaintiff to control the dividing point in the front line, but no suggestion was made that this surplus affected the rear boundary."

Hearing before *Devens*, J., who reserved the case for the consideration of the full court.

*T. L. Nelson & H. L. Parker*, for the plaintiff.

*W. S. B. Hopkins & B. W. Potter*, for the defendant, were not called upon.

DEVENS, J. When it is sought to set aside an award, upon the ground of a mistake committed by arbitrators, it is not sufficient to show that they came to a conclusion of fact erroneously, however clearly it may be demonstrated that the inference drawn by them was wrong. It must be shown that, by some error, they were so misled or deceived that they did not apply the rules which they intended to apply to the decision of the case, so that upon their own theory a mistake was made which has caused the result to be something different from that which they had reached by their reason and judgment. *Boston Water Power Co.* v. *Gray*, 6 Met. 131, 169. *Carter* v. *Carter*, 109 Mass. 306. *Spoor* v. *Tyzzer*, 115 Mass. 40.

But the arbitrators in this case made no mistake in the application of the principles adopted by them, nor did they inadvertently assume that the rear bound was at the position where they have placed it. By the terms of the agreement of submission, they were to determine where the boundary line was between the estates of the parties. While only the bound at Main Street was in dispute at the hearing, in order that this line should be ascertained it was necessary that the bound at the rear should be fixed, and, if the plaintiff erroneously admitted it to be where it should not properly have been, the mistake made, in drawing the line to it from the Main Street bound, is not the mistake of the arbitrators. Both parties conceded that the rear bound was not in dispute. The defendant " expressly claimed that the undisputed point of division in the rear line was seventy-five feet from Allen Street, and the plaintiff did not deny this or offer any evidence to control it." It now appears that, in making this

concession, both parties acted under a misapprehension in this, that they supposed the whole rear line was one hundred and twenty-four feet long, whereas it was in fact one hundred and twenty-seven and two-tenths feet long, but such concession fully justified the arbitrators in treating the rear bound as fixed at the point indicated.

Whether an award not made under a rule of court can be set aside for a mistake of one of the parties, caused by accident or misapprehension on his part, such as would afford proper ground for a new trial in a suit at law, need not here be discussed.

There was evidence at the trial as to the true length of the rear line which was the subject of comment by the plaintiff's counsel as to its bearing upon the front bound, but no suggestion was made that the rear bound was affected by it. The plaintiff was thus fairly put upon his inquiry as to whether his concession had been improvidently made, and, having permitted the arbitrators to proceed and act upon the basis of it, cannot now object to their award. *Bill dismissed.*