## WALTER HENRY *vs.* ALFRED DAVIS.

Worcester. Oct. 6. — Nov. 16, 1877. ENDICOTT & LORD, JJ., absent.

B. gave a bond in the usual form in a penal sum to A. to abide by the determination of arbitrators of a disputed boundary line, and to execute to A. a quitclaim deed of land lying on one side of the line so determined. B. refused to execute the deed and brought a bill in equity to set aside the award, which was dismissed with costs. *Held*, in an action on the bond, that the penal sum could not be treated as liquidated damages. *Held, also*, that A. could not recover as damages his expenses in defending the suit in equity.

CONTRACT upon a bond "in the sum of $500." The case was submitted to the Superior Court, and, after judgment for the plaintiff for nominal damages, to this court, on appeal, on an agreed statement of facts, the substance of which appears in the opinion.

*W. S. B. Hopkins*, for the plaintiff.

*T. L. Nelson & H. L. Parker*, for the defendant.

MORTON, J. The plaintiff and defendant, being the owners of adjoining lots of land, the dividing line of which was in dispute, entered into an agreement to submit to arbitrators the question of the location of the disputed line. At the same time the defendant executed the bond in suit, the condition of which is that he shall stand to and abide by the decision and award of a majority of the arbitrators, and shall stand to and abide by the boundary line agreed upon and established by the said arbitrators as the true boundary line between their respective estates, and shall execute to the plaintiff a quitclaim deed of any interest, right or title to any land lying southwesterly of said boundary line so established, within thirty days after demand

therefor. The arbitrators made their award establishing the
boundary line, and the plaintiff duly demanded of the defendant
a quitclaim deed of his interest, right and title in and to the
land lying southwesterly of said line. The defendant refused
to give such quitclaim deed, and afterwards brought a bill in
equity to set aside the award, which bill, after a hearing, was
dismissed with costs. *Davis* v. *Henry*, 121 Mass. 150.

It is admitted by the defendant that the facts show a breach
by him of the condition of his bond, and the only questions
raised are as to the amount of damages the plaintiff is entitled
to recover.

He contends that he is entitled to recover the penal sum
named in the bond as liquidated damages. We are of opinion
that this claim cannot be sustained. The bond is in the usual
form, in the penal sum of five hundred dollars. It contains no
express agreement that that sum is to be regarded as liquidated
damages, and we find nothing in the bond, or in the nature of
the case, which would justify the inference of an intention that
such sum should be treated as the stipulated and ascertained
damages for a breach. There is nothing to take the case out
of the general rule that in bonds of this form, the penal sum
named in the bond is regarded as a penalty and not as liquidated
damages.

The plaintiff further contends that, if the damages are not
iquidated, he is entitled to recover as damages the expenses
which he incurred in defending the suit in equity brought by
the defendant to set aside the award. The plaintiff has been
awarded his costs in that suit. The theory of the law is, that
the taxable costs awarded to the prevailing party in a suit fur-
nish a full indemnity to him for all his expenses incurred in the
suit. Therefore a defendant, who successfully defends a suit
brought against him, has no right of action or claim beyond the
amount of the taxable costs against the plaintiff therein. It fol-
lows that the plaintiff in the case at bar has no claim against
the defendant for the expenses he seeks to recover, which he
can enforce, either directly by a suit, or indirectly as damages
for a breach of his bond. In this view it is not necessary to con-
sider whether, if such a claim existed, it would not be too remote
to be allowed as an element of damages for such breach.

It is hardly necessary to add that this case has no resemblance to the cases of *Pond* v. *Harris*, 113 Mass. 114, and *Westfield* v. *Mayo*, 122 Mass. 100, cited by the plaintiff.

*Judgment affirmed.*