FRICK v. THE COUNTY OF CHRISTIAN.

(*Circuit Court, D. Kentucky.* March 4, 1880.)

AWARD—COUNTY COMMISSIONERS—RATIFICATION.—An award will not be vacated for want of authority in the county commissioners to make the submission at the instance of a party to the arbitration, when such award has been approved by the county court and the money paid by the county in pursuance of the same.

SAME—MISTAKES OF FACT.—A demurrer to a bill to set aside an award will not be sustained, where the award was based upon mistakes of fact which had not been called to the attention of the arbitrator at the time the award was made, and which, if known, would have changed the result of the award.

Demurrer to bill to set aside award. The facts set forth in the bill, and in the amendments thereto, are substantially as follows: On April 20, 1867, the complainant entered into a contract with certain commissioners, appointed by the county court of Christian county, for the erection of a court-house for the sum of $53,413. Complainant began the construction of the building and pursued it for about a year, when complaints were made with regard to the poor quality of the work, and complainant also made a counter claim for extra work performed outside of the contract. It was finally agreed to submit the whole matter to an arbitrator, and, on the twenty-second of October, 1868, the complainant and the commissioners, acting apparently without authority, agreed that one Shryock, an experienced architect of Louisville, should arbitrate and settle all matters of dispute between them, taking the contract, deciding what deduction should be made for defective and imperfect work and bad materials, and also what Frick should have for the extra work, and determine what should be paid him over and above the contract price.

On November 3d the arbitrator made his award, declaring that the contractors should rebuild certain portions of the court-house, and that complainant was entitled to receive for his extra work the sum of $23,189.30 over and above the contract price. The bill further alleges that in making this award the arbitrator mistook the amount of extra work done, the materials furnished, and the price that was agreed to be paid to the complainant therefor; and also made a mistake in measuring the extra cut stone-work constructed by him; and afterwards, having discovered these mistakes, attempted to correct the same and make an amended award, which, it is conceded, he had no authority to do, whereby he awarded to the complainant the further sum of $4,186.28, this award being dated October 3, 1870. The county appears to have paid the complainant the amount originally awarded to him by the arbitrator, and the complainant to have received it, but the county refused to pay the amount allowed in the amended award, or to have anything whatever to do with it further.

Complainant further alleges that at the time the original award was rendered, and for a long time thereafter, he did not know of the mistakes, whereby he claims that the award is invalid, and that after the discovery of such mistakes he did not recognize or treat the award as valid or binding, and immediately gave notice to the arbitrator and to the defendant that he would not be bound by the arbitration.

It seems that on the twenty-second of December, 1869, about six weeks after the original award was made, the county court entered an order to the effect that it was willing to hear the arbitrator and others in reference to the complainant's claim, and pay one-half of the arbitrator's traveling expenses, but nothing was ever done by the county in affirmance of the amended award. In what is termed the amended award the arbitrator states that after his original award was completed complainant brought him a certificate of one McKennan, stating that there was in the front portico cut stone not measured nor accounted for by the arbitrator, and also 6,980 brick in the arches not measured nor accounted for by him, and that upon examining fully into the matter he ascertained that in the measurement formerly made and inserted in his award the arches and soffit of the portico, which should have been measured three times, were measured but once, and the bases and caps of the pilasters of the portico in the second story, and the work of the groined arches, had not been measured at all.

The bill of the work so re-examined amounted to $2,323.78. It seems also that in the original award he allowed only $1.50 per foot for the stone-work of the portico, and that after the award was completed he was shown the record in the books of the commissioners of an agreement to pay the complainant at $1.75 per foot for all extra stone-work done on the building, and he considered it a matter of justice that he should be allowed the additional 25 cents on all the extra cut stone-work, which would amount to $2,492.50, making the whole of his claim, not included in the original amount, $4,816.28. The prayer of the bill is that the original award be set aside: (1) for want of authority in the commissioners

to enter into it; and (2) for the mistakes of fact; and that the defendant be decreed to pay to him the sum of $13,535.06, which he claims is still due.

Defendant demurs for want of equity.

*L. H. Noble,* for complainant.

*Bullitt, Bullitt & Harris,* for defendant.

BROWN, J. I am clearly of the opinion that the award ought not to be vacated for want of authority in the commissioners to make the submission. While it was probably not within the scope of their power as agents of the county in the construction of the court-house, the award was formally approved by the county court on the fifteenth of July, 1869, and the money paid in pursuance of it, and the act of the commissioners in making the submission was thereby ratified. Besides this, it does not lie in the mouth of the complainant to claim that the defendants had no authority to enter into the arbitration, he having become a party to it, and consenting to be bound thereby.

Whether the bill makes out a case for setting aside the award upon the ground that the arbitrator was mistaken in his facts, is not entirely clear. The authorities all agree that for certain mistakes of fact an award may be set aside, as, for instance, if the mistake appears upon the face of the award in a matter of computation, or if it should turn out that the arbitrator had made use of false scales or measurements, or had used an imperfect compass in running the boundaries of land, or had been guilty of any other gross and palpable error which he had committed without fault of the party seeking to set aside the award.

The leading American case upon the subject is that of the *Boston Water-Power Company* v. *Gray,* 6 Met. 131, 169 and 182. In a very learned and exhaustive opinion, Chief Justice Shaw discusses the whole subject of mistakes of law and fact in the award of arbitrators, and comes to the conclusion that an award may be set aside if the mistake is of such a nature, so affecting the principles upon which the award is based, that if it had been seasonably known and disclosed to the arbitrators, if the truth had been known and understood by

them, they would probably have come to a different result. "The mistake must be of some fact, inadvertently assumed and believed, which can now be shown not to have been as so assumed." This case is followed by *Rundel* v. *La Fleur*, 6 Allen, 480; *Palmer* v. *Clark*, 106 Mass. 373; *Carter* v. *Carter*, 109 Mass. 306; *Spoor* v. *Tyzzer*, 115 Mass. 40; *Davis* v. *Henry*, 121 Mass. 150. These cases lay down, as I conceive, the true doctrine, that if the facts relied upon to invalidate the award were before the arbitrator, considered by him, and his judgment was based upon those facts, the award cannot be set aside by showing that he came to a wrong conclusion; but if a fact existed to which his attention was not called, and upon which he was not asked to apply his judgment, or if he was so misled or deceived that he did not apply the rules which he intended to apply to the decision of the case, so that upon his own theory a mistake was made which caused the result to be something different from that which he would have reached by the exercise of his reason and judgment, the award ought to be vacated.

In *Schenck* v. *Cuttrell*, 1 H. W. Green's Ch. 297, it is said that an award ought not to be set aside unless the arbitrator himself would change it if the alleged mistake were shown to him.

Applying these principles to the case under consideration it appears that in allowing complainant's claim for extra work he fixed the price of the cut stone at $1.50 per foot; whereas, it is shown to him afterwards that the commissioners had contracted to pay $1.75 per foot. Here was a mistake which was not called to his attention, and which would have made a difference of $2,492.50 in his award. It further appears that he overlooked a very considerable amount of extra work in and about the portico, and made a mistake of measurement, which, if the actual facts had been made known to him, would have increased the award by $2,323.78. Now, if these facts had been called to his attention, and he had considered them and rejected the claim, there would be no ground for setting aside the award. But, as by his own statements they were overlooked, and he appears to be desir-

ous of correcting them, it would seem to be a case, particularly so far as the allowance of $1.50 instead of $1.75 a foot is concerned, for vacating the award.

Upon the whole I have come to the conclusion, taking the allegations of the bill together, the complainant has stated a case which may ultimately result in the award being set aside, and that this bill ought not to be dismissd upon demurrer. Possibly, counsel may agree to submit the case upon the testimony tending to invalidate the award, without going into the testimony showing the amount actually due the complainant, if the award be set aside, and thus save expense; but I think it would be unjust to dismiss this bill, and allow the case to go to the supreme court, where the bill might be held sufficient, the case sent back, and the litigation indefinitely prolonged.

The demurrer will therefore be overruled.