JOHN F. SMITH *vs.* JOHN T. WEDGWOOD.

York. Opinion February 22, 1883.

*Bond. Penalty. Liquidated damages.*

When a bond is given in the sum of five hundred dollars, to be paid on the failure to make a drain for a certain purpose and in a specified time, the sum is to be regarded as a penalty and not liquidated damages.

A sum of money in gross, to be paid for the non-performance of a contract, is, as a general rule, to be considered as a penalty and not liquidated damages.

On REPORT.

Debt on bond. Writ dated May 3, 1880.

The opinion states the case and material facts.

*George T. Clifford and Henry Hyde Smith,* for the plaintiff.

The defendant had his election to construct the drain or pay five hundred dollars.

Such a covenant the courts have no equitable ground for rescinding or disturbing, as will appear from the following citations: *Gammon* v. *Howe,* 14 Maine, 250 ; *Gowen* v. *Gerrish,* 15 Maine, 273 ; *Dwinel* v. *Brown,* 54 Maine, 468.

(In *Caswell* v. *Johnson,* 58 Maine, 164, a majority of the court, it is true, decide that the sum named in the bond is a penalty ; but this case may be easily distinguishable from the one at bar, inasmuch as it is not difficult to determine the damages where a breach of the bond may consist in the sale at retail of a few oysters.) *Holbrook* v. *Tobey,* 66 Maine, 410, and cases cited and digested in the able opinion of the court. *Chamberlain* v. *Bagley,* 11 N. H. 234 ; *Brewster* v. *Edgerly,* 13 N. H. 275 ; *Mead* v. *Wheeler,* 13 N. H. 351 ; *White* v. *Dingley,* 4 Mass. 433 ; *Curtis* v. *Brewer,* 17 Pick. 513 ; *Hodges* v. *King,* 7 Met. 583 ; *Chase* v. *Allen,* 13 Gray, 42 ; *Lynde* v. *Thompson,* 2 Allen, 456 ; *Leary* v. *Laflin,* 101 Mass. 334 ; *Tingley* v. *Cutler,* 7 Conn. 291 ; *Slosson* v. *Beadle,* 7 Johns. 72 ; *Pearson* v. *Williams,* 26 Wend. 630 ; *Bagley* v. *Peddie,* 16 N. Y. 469 ; *Cotheal* v. *Talmage,* 5 Selden, 551 ; *Streeper* v. *Williams.* 48 Penn. St. 450 ; *Williams* v. *Green,* 14 Ark. 315 ; *Watts* v. *Sheppard,* 2 Ala. 425 ; *Durst* v. *Swift,* 11 Tex. 273 ; *Harris* v. *Miller,* 6 Sawyer, C. C. (Or.) 319 ; *Huband* v. *Grattan,* 1 Alcock and Napier, 389 ; *Fletcher* v. *Dyche,* 2 T. R. 32 ; *Wafer* v. *Mocato,* 9 Mod. 113 ; *Lowe* v. *Peers,* 4 Burr. 2225 ; 2 Greenl. Ev. § 259 ; Am. Law Review, January, 1878, p. 286.

*L. S. Moore,* for the defendant.

APPLETON, C. J. This is an action of debt on a bond, to which is filed a brief statement alleging full performance.

On January 1, 1877, the defendant, by deed of warranty, conveyed the plaintiff a lot of land and the buildings thereon in Cornish village.

On the same day the defendant gave the plaintiff a bond in the sum of five hundred dollars, the condition of which is in these words — "that whereas said Wedgwood has this day conveyed to said Smith a certain parcel of real estate situate in Cornish village, being the late homestead of said Wedgwood, reference being made to said deed for a particular description of the same. Now, if said Wedgwood shall make or cause to be made a drain suitable in make and capacity to conduct the surface water from said premises, without use or injury to said premises in doing the same and shall complete the same within a reasonable time from the commencement of suitable weather for a purpose of that kind, then this obligation is void."

The defendant claims that all he was required to do was to remove the water that found its way into the driveway from the street and that this was accomplished by a ditch on the street, which he dug or caused to be dug.

The drain was to be sufficient "in make and capacity to conduct the surface water from the premises." The whole lot, not a portion of the premises, were to be freed from surface water. There was no drain on the premises. There was none made which in any degree can be deemed a compliance with the conditions of the bond. There is a breach of the bond.

The main question seems to be, is the sum of five hundred dollars to be regarded as liquidated damages, or merely as security for the damages actually sustained.

The general rule is that in bonds of this form, the penal sum named in the bond is to be regarded as a penalty and not as liquidated damages. *Henry* v. *Davis*, 123 Mass. 345.

It contains no expressions indicating that the parties had fixed a sum as the stipulated and ascertained damages for a breach. The sum is entirely out of proportion to the probable cost of a drain whose length, if over the whole lot would be but eight or

nine rods.   What would be the expense of such drain would be
no very difficult matter of ascertainment.   An agreement to
perform certain work within a limited time, under a certain
penalty, is not to be construed as liquidating the damages which
the party is to pay for the breach of his covenant.   In general a
sum of money in gross, to be paid for the non-performance of
an agreement is. considered as a penalty and not as liquidated
damages.   *Taylor* v. *Sandiford*, 7 Wharton, 13.

The tendency of the decisions is to regard a sum  stated to be
payable in case of the  non-fulfilment of a contract as a penalty
rather than liquidated damages, because.in such case the damages
will be only the loss sustained.  Such is the equity of the matter.
Indeed, the   court   will   frequently  regard a sum specified as
liquidated damages to be a penalty, as *Ex parte Coffer*, 4 L. R.
Ch. Div. 724, when as in a  building  contract, the  sum  of one
thousand pounds was stipulated to be paid in  case  the  contract
be not in all things performed " as  and  for liquidated damages."
But the court held this sum to be in the nature of a penalty and
that the actual damage only was recoverable.  When it is doubt-
ful on the face of the instrument whether the sum mentioned
was intended to be  stipulated damages or a penalty to cover
actual damages, the courts hold it to be the latter.  Here nothing
indicates that the  sum mentioned in the bond was, or was
intended to be more than a penalty to cover  the  actual damages
sustained in case of its breach.   It must be  deemed  therefore a
penalty.

In the cases cited, it is either  expressly stated  that  a certain
sum  is  to  be  decreed  as  liquidated damages  or  such  is  the
unavoidable inference from the language of the bond.  In *Bayley*
v. *Peddie*, 16 N. Y. 469, the bond declared the obligors to be
bound " in the sum of three thousand  dollars as liquidated dam-
ages and  not  by way of penalty or otherwise."   In *Pearson* v.
*Williams, administrators,* 26 Wend. 630, the covenant was to
build two brick houses, " in default of erecting such houses to
pay on demand four thousand dollars."   The contract was in the
alternative — to do or to pay, and the sum definitely set forth to
be paid in case of not doing.   In *Lynde* v. *Thompson*, 2 Allen,

456, by the terms of the covenant either party failing to comply with the terms of the agreement, " the party so failing shall forfeit to the other party the sum of three hundred dollars which shall be paid in full." In *Leary* v. *Laflin*, 101 Mass. 335, the bond was in express terms for the payment of one thousand dollars " as liquidated damages." In *Holbrook* v. *Tobey*, 66 Maine, 410, the defendant bound himself in the sum of five hundred dollars not to keep a public house for five years, and the sum specified was held to be liquidated damages from the utter impossibility of fixing the damages actually sustained. This principle, while applicable to a certain class of cases can hardly be deemed as applying to one like the present. Indeed, where the damages are uncertain and wholly incapable of estimation, the penal sum may be regarded as liquidated damages. *Williams* v. *Daken*, 22 Wend. 201.

But it is hardly necessary to examine the multitudinous cases cited by the learned counsel for the plaintiff. They mainly rest on the peculiar phraseology of the instruments in question or the impracticability of ascertaining the damages arising from their breach.

The report, though exceedingly voluminous, affords no sufficient data for the estimation of damages.

The plaintiff is entitled to recover of the defendant the cost of building the drain contracted to be built and the damages from the non-fulfilment of his contract to the date of the writ — to be ascertained by some one to be appointed by the court in accordance with the agreement of the parties.

*Judgment for the plaintiff.*

Barrows, Danforth, Virgin, Peters and Symonds, JJ., concurred.