CHARLES M. BARROWS *vs.* EVERETT M. SWEET & another.

Suffolk.   Nov. 11, 1886. — Jan. 8, 1887.   HOLMES & GARDNER, JJ.,
absent.

A., B., and C. were copartners under the name of the H. Company; and B. and C. were copartners under the name of B. and Company. All claims between A. and the firm of B. and Company, and all claims between the parties arising out of the business of the H. Company, were included in a submission to arbitration. A bill headed "H. Company to B. and Company, Dr.," upon which several payments had been made, leaving a balance due, was presented to the arbitrator, and, by inadvertence, was assumed by him to be a bill against A., when in fact it was against the H. Company, A. stating to him that the balance shown was correct. The arbitrator made an award in A.'s favor, charging him with the balance of this bill, and B. and C. paid A. the amount awarded; but, if the arbitrator had noticed that the bill was against the H. Company, and not against A., his award would have been different. *Held,* that there was such a mistake of fact by the arbitrator as to vitiate the award. *Held, also,* that an offer by A. to return to B. and C. the amount paid by them, or to give them credit for it, as they might prefer, was all that could be required of him before bringing an action upon his original claim.

CONTRACT upon an account annexed. The answer set up a submission to arbitration, and an award in favor of the plaintiff; and that the amount of the award had been paid by the defendants. Trial in the Superior Court, without a jury, before *Blodgett,* J., who found for the plaintiff; and the defendants alleged exceptions. The facts appear in the opinion.

*J. A. Bennett & F. I. Babcock,* for the defendants.

*C. G. Keyes,* for the plaintiff.

W. ALLEN, J. In this Commonwealth, an award may be impeached at law for mistake of fact of the arbitrator, not appearing on the face of the award, but proved by extrinsic evidence. *Bean* v. *Farnam,* 6 Pick. 269. *Boston Water Power Co.* v. *Gray,* 6 Met. 131. *Mickles* v. *Thayer,* 14 Allen, 114. Proof of mistake of fact which would be sufficient to set aside an award in equity is competent to impeach it at law.

The plaintiff and the two defendants constituted a copartnership under the firm name of the Home Paper Company. The two defendants constituted a copartnership under the firm name of E. H. Sweet and Company. All claims between the plaintiff and E. H. Sweet and Company and the members of that firm, and all

claims between the parties arising out of the business of the Home Paper Company, were included in the submission. It appears from the award, that there were six items submitted to the arbitrator, four of which were disputed. Of the disputed items, one is a claim by the plaintiff against E. H. Sweet and Company amounting to $1.10, which is allowed, and three are claims by E. H. Sweet and Company against the plaintiff, one of which, for the sum of $12, is disallowed, and two, amounting to $141.76, are allowed.

The principal item was the claim of the plaintiff against E. H. Sweet and Company for the balance due him for services while in their employ. This, amounting to $301.09, was admitted by the parties. The next largest item was the one concerning which the question of mistake of the arbitrator arises, and the following is all of the award that relates to it: "E. H. Sweet and Company have a claim against Charles M. Barrows for goods furnished and work done, amounting to $161.28. Several payments have been made on this bill, amounting to $22.45, leaving a balance of $138.83. There is no dispute about this balance." In stating the account between the parties, the award states the item last mentioned as follows: "The balance of E. H. Sweet and Company's bill against Mr. Barrows is admitted to be $138.83." It was proved at the trial that this item was presented to the arbitrator, at the hearing before him, by the plaintiff, in the form of a bill headed "Home Paper Company to E. H. Sweet and Company, Dr.;" that the bill was in fact due from the Home Paper Company, and not from the plaintiff, but that nothing was said at the hearing in regard to this; and the arbitrator had no recollection of looking at the heading of the bill, the plaintiff stating that the balance was correct. The testimony of the arbitrator was, that, if he had apprehended or observed that the bill was against the Home Paper Company, and not against the plaintiff, his award would have been different.

This evidence was competent and sufficient to avoid the award. The claim of E. H. Sweet and Company against the Home Paper Company was within the submission, and it was necessary to find the amount of it in order that the amount of the proportion chargeable to the plaintiff in favor of his copartners, the defendants, should be computed, and the award made accordingly.

What the parties did was to present, as admitted, the bill against the Home Paper Company; what the arbitrator understood them to do was to present and admit a bill against the plaintiff. No question was made whether the plaintiff should be charged with the whole or with one third of the bill, and the arbitrator formed no judgment and found no conclusion in regard to it, and no such question was in his mind. By inadvertence, he assumed, as a fact admitted by the parties and not presented to him to decide, that the bill was against the plaintiff. The item was not in dispute. The bill was presented and admitted by the parties as a bill against the Home Paper Company. The arbitrator, by mere mistake and inadvertence, took the fact to be that it was, and was admitted to be, against the plaintiff. It was a mistake of fact so material as to vitiate the award. *Boston Water Power Co.* v. *Gray, ubi supra. Carter* v. *Carter,* 109 Mass. 306. *Davis* v. *Henry,* 121 Mass. 150. *Rundell* v. *La Fleur,* 6 Allen, 480. 2 Story Eq. Jur. § 1456.

The offer of the plaintiff to return the money to the defendants, or to give them credit for it, as they might prefer, was all that could reasonably be required of him. By the defendants' own admission, there was more than that amount due to the plaintiff, if the award did not conclude him.

*Exceptions overruled.*