*Central District Court of Worcester*

No. 79712

**CENTRAL REALTY CORP.**

**v.**

**ALPHONSE CATINO**

(February 16, 1956)

*Moore, J.*    This action was brought in the Central District Court as case No. 79712 and was tried with the action of *Central Realty Corp. v. Thomas Naoum* as case No. 79711. The cases were tried together as they involved the same set of facts in substance except in one particular which will be noted later in the opinion. The action in these cases involved the lease of certain premises at 110 Green Street, in Worcester, Mass., and in the original instance leased by the plaintiff to one Peter George Dimetre for the term of 5 years beginning November 1, 1944 and running to November 1, 1949 at a rental of $65.00 per month payable in advance. Subsequently, and during the term of the lease, there were numerous assignments of the lease, in writing, prior to the assignments of the lease to the present defendants in each of the actions now before us. The assignment of the lease to the defendant Alphonse Catino was in writing but not assented to by the plaintiff but the plaintiff recognized him as its tenant and collected rent from him.

As to the assignment of the lease to the defendants Naoum and Germain the plaintiff did not assent to it nor did it recognize Naoum or Germain as tenants or collect any rent from them. On October 18, 1950 an entry to terminate the lease was made on behalf

of the lessor and two separate ejectment proceedings were brought in the Central District Court, one against the defendant Alphonse Catino and the other against the defendants Thomas A. Naoum and Joseph W. Germain.

On January 12, 1951 judgment for possession was entered in favor of the plaintiff in each of the ejectment suits. Each of the defendants in each of the ejectment proceedings duly filed appeals to the Superior Court and each filed an appeal bond in the principal sum of $1000.00 as required by G. L. c. 239 §5. Both appeals were entered in the Superior Court and on June 6, 1951 judgment was entered in that Court for the plaintiff for possession in both cases. In both actions the plaintiff filed identical declarations against the defendants. The declarations were in two counts.

Count 1. Was a suit on the appeal bond filed in each case as required by G. L. c. 239 §5, and each bond contained the following conditions; "The condition of this obligation shall be to enter the above action in the Superior Court on the return day next and to pay to the plaintiff, if final judgment is in his favor, all rent accrued to the date of the bond on intervening rent, and all damage or loss which he may sustain by the withholding of possession of the premises demanded and by any injury done thereto during such withholding with all costs, until the delivery of possession to the plaintiff."

Count 2. In each of the declarations as amended alleged damages for the breach of certain terms of the written lease of the premises involved in the subject matter of these actions. To the declarations in each case the defendants filed in answer, a general denial and a plea of payment.

The plaintiff and the defendants in both cases filed numerous requests for rulings. The trial court granted certain requests and denied others. The plaintiff claimed a report claiming to be aggrieved by the

Court's granting of certain requests of the defendants and the denial of certain requests of the plaintiff involving the two following questions of law:

1. As to whether the plaintiff was entitled to recover reasonable counsel fees either as costs or damage under the appeal bond.

2. The right of the plaintiff to recover damages for the difference between the amount of the stipulated rent and what the plaintiff could have rented the property for during the period of the appeal and the withholding of the possession of the premises.

The trial judge found that the amount of reasonable counsel fees in each case was $300.00 but the Court denied the requests of the plaintiff to the effect that the plaintiff was entitled to reasonable counsel fee under the appeal bond, either as costs of damage. As to the requests involving the right of the plaintiff to recover the difference in rent between the stipulated rent and that which the plaintiff could have received in the interim during appeal, the Court denied these requests. To the denial of these requests and the granting of the defendants' requests touching these issues the plaintiff claimed to be aggrieved and duly requested a report to the Appellate Division. Later the plaintiff, in its argument and in its brief in each case waived any claim of error in denying its requests and the allowance of the defendants' requests involving the claim of damage based on the difference of the stipulated rent and the rent of the premises that the plaintiff claimed he could have obtained for the premises during the appeal. As a result of this waiver the issue in this case now is solely the question as to whether the trial court committed any error in not allowing the plaintiff reasonable counsel fees in each case whether as costs or damages under the condition of the appeal bond.

As to the contention of the plaintiff that it is entitled to fair and reasonable counsel fees as being comprehended under the word "costs" in the condi-

tions of the appeal bond we are of the opinion that the trial court was correct in not allowing such fees to the plaintiff.

It is a general rule that taxable costs recovered by the prevailing party are considered full compensation for the expense of conducting the litigation, even if such costs are in fact wholly inadequate. *Dahlstrom Met. Door Co. v. Evatt Cons. Co.*, 265 Mass. 404, 417. *Henry v. Davis*, 123 Mass. 345. It should be noted that in numerous cases where the Legislature intends that reasonable counsel fees shall be included under the word "costs" it specifically so states by using the words "the cost ———, including therein reasonable counsel fees". *Ahmed's Case*, 278 Mass. 180 G. L. c. 152 §10. The power to award counsel fees does not exist except from express statute. *Fuller v. Trustees of Deerfield Academy*, 252 Mass. 258, 262.

The contention of the plaintiff that it is entitled to fair and reasonable counsel fees as being comprehended under the words "all damage and loss" in the condition of the appeal bond raises a more difficult question than the question as to what is comprehended by the word "costs".

There are decisions in this Commonwealth which have allowed counsel fees as damages but there seems to be no decision precisely on the point as to whether they can be allowed under the words damage and loss as used in the statute (G. L. c. 239 §5) in reference to appeal bonds.

In *Malloy v. Carroll*, 287 Mass. 376 counsel fees were allowed as an element of damages, as also in *Wheeler v. Hanson*, 161 Mass. 370, and *Stiles v. Municipal Council of Lowell*, 233 Mass. 174. In the Stiles case the Court at page 183 said "He was obliged to resort to the Court for redress and to employ counsel to that end. Those proceedings were rendered imperative, in order that he might protect his rights,

by the tortious conduct of the defendants. The plaintiff was not obligated to incur these expenses through any misfeasance or *contract* of his own but wholly by reason of the wrongdoing of the defendants, of which these expenses were the immediate and direct result".

In these cases where counsel fees have been allowed as damages there seems to run a common thread or factor; to wit, that the party against whom the counsel fees were allowed had done something of a wrongful or tortious nature.

In the present case the bulk of the counsel fees involved were incurred under a situation where the defendants availed themselves of their statutory right to appeal to the Superior Court.

The allowance of counsel fees on the basis that it discourages appeals does not seem to be sound. If such basis is used then it would appear that the Court was using its judicial power in a field reserved to the Legislature.

The words "damage and loss" as used in the appeal bonds, which conditions follow the language of the statute, do not mean or comprehend counsel fees and that it was not so intended by the Legislature. The words in this instance, in our opinion would relate to some damage or loss in reference to the physical premises the subject matter of the ejectment suits.

There being no prejudicial error in the allowance of the requests for rulings of the defendant or the denial of the requests of the plaintiff involving the question of counsel fees, which refusals and allowance are the only ones which the plaintiff now claims to be aggrieved by, the report is dismissed.

Hartwell and Driscoll, for the plaintiff.

Moussa and Dumas, for the defendants.