## ALDRICH v. HARVEY.

*Trespass.   Joint   Tort-Feasors.   Acts of* 1869, *No.* 4, *s.* 3.

In trespass *qua. clau.* for entering plaintiff's inn, and behaving in a disorderly man-
ner, it appeared that defendant committed the act complained of by reason of in-
toxication caused by liquor sold to him by plaintiff. *Held*, that as, under s. 3, No.
4, Acts of 1869, plaintiff would be jointly liable with defendant for any wrong per-
petrated by defendant while so intoxicated, he could not recover, any more than
though he had himself been a particeps with defendant in the mischief com-
plained of.

TRESPASS *qua. clau.*   Plea, the general issue, and trial by jury,
June Term, 1876, Caledonia County, Ross, J., presiding.

It appeared that plaintiff at the time of the alleged trespass, was
keeper of the Avenue House, an inn in the village of St. Johns-
bury.   Plaintiff's testimony tended to show that defendant came
to his house on November 14, 1875, and there conducted himself
with impropriety, upon which the plaintiff had some words with
him, and he went away ; that later in the day he returned and
asked to have a horse put up, which the plaintiff refused ; that
thereupon he went away, saying to plaintiff that he would be
sorry for it ; that about 9 o'clock in the evening he again entered
the house, accompanied by a large number of others, whereupon
various disorderly proceedings ensued between those who entered
and the plaintiff and his porter ; that the police were called in,
and attempts at arrests made, and that two or three were arrested.
It further tended to show that the defendant used threatening and
disorderly language, and assaulted plaintiff.

Defendant's testimony tended to contradict plaintiff's in regard
to what occurred in the inn, as far as he was concerned in it, and
to show that he had no connection with the others who made a
disturbance there, and that whatever he did in connection with
them was done in attempting to quell the disturbance, and to show
that if he was guilty of any improper conduct it was in conse-
quence of his being in a state of partial intoxication, produced
by liquor illegally sold to him by plaintiff.

Plaintiff denied having sold liquor to defendant that day, but conceded that defendant purchased cigars for himself and others at the bar immediately after entering the inn.

The jury found specially as follows: " The jury further find that the defendant is guilty, and committed the injuries and damages complained of, by reason of intoxication from intoxicating liquor unlawfully sold him by the plaintiff." The court rendered judgment, *pro forma,* on the verdict for the plaintiff, to which the defendant excepted.

*Henry C. Bates* and *Harry Blodgett,* for the defendant.

The plaintiff having sold the defendant liquor, is responsible for the injury of which he complains. Every person who does a wrong is responsible for all the mischievous consequences that may reasonably be expected to result therefrom under ordinary circumstances. *Rigleby* v. *Hewett,* 5 Exch. 243 ; Hilliard Torts, 89 ; Acts of 1869, No. 4, s. 3.

The plaintiff was a joint wrong-doer with the defendant, and therefore cannot recover. There can be no contribution among wrong-doers. *Spaulding* v. *Oakes,* 42 Vt. 343, and cases cited ; 2 Sm. Lead Cas. 527, and cases cited.

Besides, when two or more causes concur to produce an effect, and it cannot be determined which contributed most largely, or whether, without the concurrence of both it would not have happened at all, and a particular party is responsible only for the consequences of one of these causes, a recovery cannot be had. Hilliard Torts, 82 ; *Marble* v. *Worcester,* 4 Gray, 395 ; *Howe* v. *Castleton,* 25 Vt. 162 ; *Johnson* v. *Irasburgh,* 47 Vt. 28 ; *Adams* v. *Goodnow,* 101 Mass. 81. Section 3, No. 4, Acts of 1869, casts upon the seller of intoxicating liquor the burden of answering for all damages resulting therefrom. But when a statute imposes a penalty for doing an act, it impliedly prohibits the act, and renders it illegal, and no suit can be based upon such illegal act. *Bancroft* v. *Dumas,* 21 Vt. 456.

*Belden & Ide,* for the plaintiff.

The verdict does not deprive the plaintiff of his right to a judgment. The defendant was not in such a condition of drunk-

enness as to deprive him of the ability to understand the character of his act; so that it was not the plaintiff's liquor but the defendant's vicious will that immediately directed the assault; nor did the illegal sale of the liquor so contribute to the act as to leave the plaintiff without remedy, unless the sale was the proximate cause of the assault. Whart. Negl. s. 73; *Gerhard* v. *Bates*, 2 E. & B. 490; *Trow* v. *Vermont Central R. R. Co.*, 24 Vt. 487; 1 Hilliard Torts, 144; *Chicago Northwestern R. R. Co.* v. *Donahue*, 75 Ill. 106; *New Jersey Express Co.* v. *Nichols*, 33 N. Y. 434; *Steele* v. *Burkhardt*, 104 Mass. 59; *Welch* v. *Wesson*, 6 Gray, 505; *Spofford* v. *Harlow*, 3 Allen, 176. The defence cannot be made out, except by allowing the defendant to allege his own wrong. Nor is plaintiff's right to recover lost by operation of the act of 1869.

The opinion of the court was delivered by.

REDFIELD, J. This action is trespass *quare clausum.* The plaintiff was the landlord and keeper, at the time, of the hotel called the Avenue House, at St. Johnsbury. The evidence tended to show that defendant, on Nov. 14, 1875, came into plaintiff's hotel, purchased cigars for himself and others, came back, offered his horse to the plaintiff to be kept, which plaintiff declined to receive for the reason that defendant's conduct had been disorderly. Defendant thereupon threatened the plaintiff that "he would be sorry for it," and left. He came back in the evening of the same day, with a large number of others, committed disorderly acts, and assaulted the plaintiff and his porter. The only exception now relied upon is that arising upon the special verdict of the jury, viz: "The jury further find that the defendant is guilty, and committed the injuries and damages complained of by reason of intoxication from intoxicating liquor unlawfully sold him by the plaintiff." It is claimed by the defendant that the plaintiff, by the sale of the intoxicating liquor, so contributed to the injuries that he cannot recover.

Section 3 of the Act of 1869 enacts, that "whenever any person in a state of intoxication shall willfully commit any injury upon the person or property of any other individual, any person who

Aldrich *v.* Harvey.

by himself, his clerk or servant, shall have unlawfully sold or furnished any part of the liquor causing such intoxication, shall be liable to the party injured for all damage occasioned by the injury so done, to be recovered in the same form of action as such intoxicated person would be liable to ; and both said parties may be joined in the same action."

This act declares that the plaintiff, by the facts found by the jury, was a joint participant, and jointly liable with the defendant for all wrongs and injuries perpetrated by the defendant while intoxicated by liquor unlawfully sold him by the plaintiff. Had the same injuries chanced to have fallen upon another person, he is declared in law, and by relation, the very person who, jointly with the defendant, inflicted them. If the same blow of which plaintiff complains had hit and wounded another, the law declares that this plaintiff, jointly with the defendant, dealt the blow, and both or either must answer for it.

If the plaintiff, by voluntary act, had placed himself in the same relation to the defendant and this transaction that this statute declares him to be, as co-worker in the same mischief and conspiracy, and co-operating to the same unlawful end, it is not claimed that he could maintain an action for compensation or redress, however much he may have suffered. The law declares, not that the injuries were the remote consequences of the defendant's act, but the proximate and direct cause, and he the very author of it. If the blow had chanced to have hit another, he must answer for it as for an assault with his own hand ; but as, in the chances of battle, it hit *him*, he must bear it. Such is the law, which it is the duty of the court to declare and enforce.

The *pro forma* judgment of the County Court is reversed, and judgment on the special verdict for the defendant.