GEORGE T. SPARKS V. H. C. SMELTZER.

No. 15,288.    (93 Pac. 338.)

SYLLABUS BY THE COURT.

1. DEMURRER—*Irrelevant Matter.* A demurrer may not be employed to rid a single cause of action or defense of irrelevant, redundant or improper matter.

2. PRACTICE, SUPREME COURT — *Intermediate Order — Review.* Where a paper, designated as a demurrer, is treated as the equivalent of a motion to strike out, a decision of the same is no more than an intermediate order, which cannot be reviewed until final judgment is rendered.

Error from Lane district court; CHARLES E. LOBDELL, judge. Opinion filed January 11, 1908. Dismissed.

*John F. Wood,* for plaintiff in error.

*J. S. Simmons,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, C. J.: On January 10, 1906, H. C. Smeltzer was awarded a judgment against George T. Sparks quieting the former's title to a tract of land in Lane county. The judgment was based alone on a publication notice. On April 24, 1906, Sparks began this action to vacate that judgment, and his petition contained fourteen distinct paragraphs purporting to state reasons for setting the judgment aside. The sufficiency of the petition was challenged by a demurrer alleging that the facts stated did not constitute a cause of action against Smeltzer. The court overruled the demurrer, and Smeltzer then filed what he termed a "special demurrer," separately attacking eight paragraphs of the petition on the grounds that they "do not state, or tend to state, nor partially state, any cause of action against the said defendant." A motion was made by Sparks to strike the so-called special demurrer from the files, but this was denied. Later the court sus-

tained the demurrer interposed separately to the several paragraphs of the petition, and this ruling has been brought here for review. Is the ruling reviewable at this time?

While the petition is divided into a number of paragraphs, it is not contended that each is a separate cause of action nor that all together constitute more than a single cause of action. On the demurrer addressed to the entire count it was held that a cause of action was stated, and, as we have seen, the special, or second, demurrer was directed at parts of this cause of action. The demurrer, whatever it may be called, cannot be used to rid a single count of irrelevant, redundant or improper matter. Under our code it is hardly accurate to designate demurrers as "general" or "special," as we have no other than the statutory demurrer, and it has no other office than to challenge the sufficiency of pleadings upon one or more of the six specific grounds prescribed by the code. (*Mayberry and others v. Kelly,* 1 Kan. 116.) Some of the parts of the petition attacked by the misnamed demurrer state inferences of fact and conclusions of law and some are only argumentative in character, and the evident purpose of the challenge was to eliminate from the petition these impertinent and irrelevant matters. A somewhat similar pleading has been treated as a motion to strike out (*Seaton v. Chamberlain,* 32 Kan. 239, 4 Pac. 89), and this one may have been so regarded by the trial court; but, if it be so treated, the decision of the motion is no more than an intermediate order, which cannot be reviewed prior to the final judgment or decree. Nor is the ruling refusing to strike out the special demurrer open to review at this time.

The proceeding is therefore dismissed.