THE JOHN DEERE PLOW COMPANY V. B. F. SPATZ.

No. 15,560.    (99 Pac. 221.)

SYLLABUS BY THE COURT.

1. DAMAGES—*Commencement and Dismissal of a Civil Action—Recovery of Expenses by Defendant.* Where a plaintiff commences a civil action, but before trial dismisses it with prejudice and pays all legal costs incurred therein, the defendant, in the absence of malice, want of probable cause, or bad faith, can not recover damages for loss of time, expenses or attorney's fees incurred by him on account of such suit.

2. —— *Same.* S. bought a thrashing-machine, giving his promissory note in payment therefor. In the contract of purchase it was stipulated that if the machine did not work the notes would be returned and the machine taken back. The machine failed to work and was returned, and the notes were demanded. The demand to return the notes was refused. An action was commenced by D. on the notes, but before trial it was dismissed with prejudice, and D. paid all the costs taxed in the case. Afterward S. commenced an action against D. to recover attorney's fees and hotel, traveling and other expenses incurred when preparing for the trial in the case which was dismissed. No malice, want of probable cause or bad faith being alleged against D., *held*, that such an action can not be maintained.

3. —— *Case Distinguished.* The case of *Osborne & Co. v. Ehrhard*, 37 Kan. 413, 15 Pac. 590, cited and distinguished.

Error from Jewell district court; RICHARD M. PICKLER, judge. Opinion filed November 7, 1908. Reversed.

STATEMENT.

B. F. SPATZ bought a thrashing-machine from the John Deere Plow Company, for which he gave three notes. The machine was warranted to work, and, if it did not, the notes were to be returned upon delivery of the machine. It did not work, and was returned, and the notes were demanded by Spatz. The plow company refused to return the notes, and brought an action on them in the district court of Jewell county, where the case was dismissed because the plaintiff, being a foreign corporation, had not complied with the statute usually called the "Bush law." (Gen. Stat. 1901, § 1283.) On proceedings in error to this court the district court was affirmed. (*Deere v. Wyland,* 69 Kan. 255, 76 Pac. 863.)

Afterward the plow company commenced another action in Jewell county upon the same notes, and, after some delay, it dismissed the case with prejudice, and paid the costs. In making preparation for the trial of this last case Spatz employed lawyers, took depositions in other states, and expended large amounts in anticipation of a trial, all of which was made unnecessary by the dismissal of the case by the plaintiff. He then commenced this action in the district court of Jewell county to recover the money so uselessly expended, and recovered a judgment for $1010, and the plow company brings the case here for review. The petition contains no specific allegations of malice, want of probable cause, or bad faith.

*Lee Monroe,* and *George A. Kline,* for plaintiff in error.

*Frank T. Burnham,* and *George W. Dashiell,* for defendant in error.

The opinion of the court was delivered by

GRAVES, J.: The plow company contends that the object of this action is to recover damages on account of the unsuccessful action filed against the plaintiff, Spatz, and that the nature of the damages alleged in the petition are such that no recovery can be had in the absence of malice and want of probable cause, which are not alleged. In other words, it is contended that the action is in substance an action for malicious prosecution, with the essential elements omitted. On the other hand, Spatz claims that it is merely an action on a breach of the warranty upon which the machine was purchased.

The petition is too long to give a copy in full. It will be sufficient to say that it recites fully the contract of purchase, the warranty, the failure of the machine to work, the return thereof and a demand for the notes, the refusal to comply with the demand, the suits brought to recover on the notes, and then proceeds as follows:

"That, by reason of the refusal of the defendant to return said notes when demanded and accept said worthless machinery, and by reason of its institution of the actions hereinbefore set out, plaintiff was compelled to, and did, employ counsel to defend, and was compelled to, and did, pay out large sums of money as counsel and attorney's fees in maintaining his defense thereto; that the reasonable value of the services that he was compelled to, and did, procure was the sum of $430; that by reason of said wrongful acts of the defendant plaintiff was compelled to pay out $297 to procure testimony and maintain his defense in said actions; that in preparing and maintaining such defense he was put to large expenses in the way of traveling expenses, hotel bills, printing briefs, etc., to the amount of $83, and that he necessarily lost a great deal of time from his work, the fair value of which was $200. The plaintiff has been damaged by the failure of the defendant to comply with the terms of said contract in

the aggregate sum of $1010. Prays judgment for $1010 and costs."

From this the nature of the damages sought to be recovered appears quite clearly. They are not such as followed directly from the refusal to take back the mashine and return the notes. The immediate cause of the alleged damages was the second action on the notes. If it had not been commenced the injuries of which the plaintiff complains in his petition would not have been sustained. It seems, therefore, that the real object of the action is to recover damages sustained on account of the prosecution of an action against the plaintiff, and nothing else. The action was the proximate cause of the damages alleged, and the breach of warranty had no direct connection therewith. The plow company paid all the legal costs incurred in the action dismissed. This is the measure of liability incurred by an unsuccessful litigant, where there is no malice or wrong intent on his part in commencing the action. (1 Sedg. Dam., 7th ed., 52, 174, and notes; *Salado College v. Davis,* 47 Tex. 131; *Young v. Courtney,* 13 La. Ann. 193; *Henry v. Davis,* 123 Mass. 345.)

This law is conceded by the plaintiff to be elementary, but he insists that it does not apply to this action. Malice, want of probable cause, or bad faith, it is insisted, are not necessary elements in this action, it being brought merely for the purpose of recovering damages for a wrongful breach of warranty. The case of *Osborne & Co. v. Ehrhard,* 37 Kan. 413, 15 Pac. 590, is cited in support of this contention. We do not understand that case to sustain this view. In that case Ehrhard bought a machine under a contract similar to the one in this case. The machine was returned, and accepted. A demand was made for the note given therefor, as in this case. This was refused, and the note was sold to an innocent holder, who brought an action thereon. While the words "malice," "want of

probable cause" or "bad faith" do not occur in the petition, the language used quite clearly shows that the company in that case, with full knowledge that the machine was worthless, accepted it as such, and then placed the note in other hands with the evident design that it should be collected, knowing that no defense could be made thereto. This was bad faith, if not fraud. The damages which resulted to the plaintiff in that case were the direct result of the action brought by the holder of the note, and were contemplated and intended by the company when the note was transferred to an innocent holder. In this respect the case here being considered falls far short of the one cited.

The refusal of the plow company to deliver the notes to Spatz upon demand may have created a cause of action which gave Spatz a right to recover damages therefor, but, if it did, no such damages constituted any part of those here sought to be recovered. These damages, and every item thereof, resulted directly from bringing the action, but their connection with the refusal to deliver the notes, if any, is too remote to be considered.

We conclude that the petition fails to state facts sufficient to entitle the plaintiff to a judgment for any of the damages awarded. The facts found by the court are insufficient to entitle the plaintiff to a judgment for any the damages prayed for or awarded to him. The court's conclusion of law is erroneous. The judgment of the district court is reversed, with instruction to grant a new trial and proceed in accordance with the views herein expressed.