RILEY LAKE, *Appellee*, v. A. J. HARGIS, *Appellant.*

No. 16,578.

SYLLABUS BY THE COURT.

DAMAGES—*Action on Replevin Bond—Loss of Time—Attorney's Fees—Expenses.* In a replevin action before a justice of the peace the plaintiff gave the ordinary bond at the commencement of the action. The defendant gave a redelivery bond, and retained possession of the property replevined. Upon the trial the defendant was adjudged to be the owner and entitled to the possession of the property. No appeal was taken. The judgment became final, and the plaintiff paid the costs. Afterward the defendant commenced an action for damages, upon the bond given by the plaintiff, in which he claimed damages for loss of time, attorney's fees and expenses incurred in making his defense. *Held*, that in the absence of malice, want of probable cause or bad faith on the part of the plaintiff, damages of this nature 'can not be recovered upon the replevin bond.

Appeal from Barber district court; PRESTON B. GILLETT, judge. Opinion filed June 11, 1910. Reversed.

*G. M. Martin,* for the appellant.
*Seward I. Field,* for the appellee.

The opinion of the court was delivered by

GRAVES, J.: This is an action upon an ordinary replevin bond, given at the commencement of an action of replevin before a justice of the peace. Riley Lake had in his possession a hog which A. J. Hargis claimed to own. Lake refused to surrender the hog and Hargis commenced an action of replevin before a justice of the peace to recover possession of it. Lake gave a redeliv-

ery bond and retained possession of the animal. The trial was had before a jury and the verdict was in favor of Lake, who was adjudged to be the owner and entitled to the possession of the hog. No appeal was taken and the judgment became final. Hargis paid the costs.

Afterward Lake commenced this action upon the bond given by Hargis at the commencement of the replevin action, to recover damages for loss of time, attorney's fees and expenses incurred in and about that action. The petition recited the facts concerning the commencement of the replevin action, including the bond given by Hargis. The bond reads:

"REPLEVIN BOND.

"STATE OF KANSAS, BARBER COUNTY, SS.

"WHEREAS, A. J. Hargis has this 8th day of June, 1908, commenced an action against Riley Lake before the undersigned justice of the peace of Lake City township, in said county, for the recovery of divers goods and chattels, all of the aggregate value of twelve dollars; now, we, the undersigned residents of said county, bind ourselves to the defendant in the sum of twenty-four dollars that said plaintiff shall duly prosecute the above-entitled action and pay all costs and damages that may be awarded against him, and if a return of the property therein delivered to him be adjudged that he will deliver the same to said defendant.

H. S. MILLER.
DAVE FREEMYER.

"Approved by me this 8th day of June, 1908.

S. G. STEWART, J. P."

Upon these facts the plaintiff's statement of damages in the petition is as follows:

"This plaintiff states that he has been damaged by said defendant by reason of said action in the loss of time in attending upon said case, and in expenses of himself and attorney and attorney's fees in the sum of $75.

"Wherefore he prays judgment against the defendant in the sum of $125, and for costs of this action."

To this petition a demurrer was filed by the defendant, upon the ground that it did not state facts suffi-

cient to constitute a cause of action. The demurrer
was overruled. The defendant then filed an answer
consisting of (1) a general denial, and (2) an admis-
sion that he commenced the action of replevin before
the justice of the peace and gave the bond as alleged
in the petition.. He further alleged in substance that
the action was commenced in good faith and after a
full and fair consultation with an attorney, who ad-
vised the action; that he conscientiously believed he
was the owner of the hog and entitled to its immediate
possession; and that after his defeat in court he fully
paid the judgment entered upon the verdict.

To this answer the plaintiff filed a demurrer, on the
ground that it did not state any defense to the petition.
The demurrer was sustained, except as to the general
denial. The case proceeded to trial to the court, with-
out a jury. It was agreed that the amount of dam-
ages claimed by the plaintiff was reasonable if he was
entitled to recover anything. Thereafter the court
filed conclusions of fact and law. After reciting the
facts as above stated, the court announced the follow-
ing conclusions of law:

"The court finds as a matter of law that a bond in
replevin, such as the one sued on in this action, con-
templates a liability of principal and surety thereon
for the attorney's fees in defending a replevin action,
'such as the case prosecuted before the justice of the
peace, as herein found, together with the expenses and
loss of time in such defense, and that in this case the
plaintiff, Riley Lake, is entitled to recover the sum of
$125 as his attorney fees, expenses and loss of time in
defending said replevin suit before said justice of the
peace.

"To all of which findings of fact and conclusions of
law the defendant, A. J. Hargis, excepted and excepts.

"It is therefore considered, ordered and adjudged by
the court that the plaintiff have and recover of and
from the defendant, A. J. Hargis, the sum of $125,
and that said judgment bear interest at the rate of six
per cent per annum from this date, and that the plain-

tiff also recover the costs of this action, taxed at $31.60. In accordance herewith let execution issue."

This was erroneous. A replevin bond given at the commencement of the action states the conditions under which it is given and the measure of the indemnity which the defendant may receive thereunder. One of the stipulations in the bond, and the one upon which the plaintiff in this action relies, reads: "And pay all costs and damages that may be awarded against him." No liability could accrue upon this clause of the bond until a breach thereof occurred. None is alleged. It is not claimed that any judgment for costs or damages was awarded against Hargis which he failed to pay. On the contrary it is conceded that he paid the judgment in full. The word "damages," as used in this bond, refers to damages which may be occasioned to the defendant by the detention of the property replevined and its loss if not returned when a return is adjudged. It does not embrace damages of a general nature, such as may be recovered in an action brought upon a bond given to obtain a writ of attachment or injunction under sections 192 and 242 of the civil code. (Gen. Stat. 1901, §§ 4626, 4689; Code 1909, §§ 192, 254.) In such cases the bond provides for and secures "all damages which he may sustain by reason of the attachment, if the order be wrongfully obtained." (Civ. Code, § 192.) A replevin bond is not intended to give such indemnity, but replevin in this respect is like any other civil action; and where it is commenced in good faith, and without malice or want of probable cause, payment of the judgment will extinguish further liability. (*Deere v. Spatz*, 78 Kan. 786; *Myers v. Shertzer*, ante, p. 275, 278; Cobbey, Law of Repl. §§ 925, 975, 976; *Bank v. Morse*, 60 Kan. 526; *Winstead, Sheriff, v. Hulme*, 32 Kan. 568.)

In an action on a bond no recovery can be had for a sum greater than the bond was given to secure; in this

case, $24. (34 Cyc. 1582; 24 A. & E. Encycl. of L. 534.)

The case was tried upon a wrong theory. It seems to have been assumed that an action on a bond in replevin is controlled by the same rule as that which obtains in actions upon bonds in attachment and for injunction where the writ has been wrongfully obtained. We do not concur in this view. This theory of the case, which we think erroneous, naturally led the court to a wrong view of the action generally, and an erroneous judgment naturally followed.

The judgment is reversed.