Dendy v. Russell.

---

W. F. DENDY *et al., as Partners, etc., Appellees,* v.
PAUL RUSSELL, *Appellant.*

No. 16,952.

SYLLABUS BY THE COURT.

ACTIONS AND REMEDIES—*Limitation of Actions—Counter Claim for Expenses of Litigation.* The appellants sued on the covenants of warranty of title in a bill of sale. In a former suit on the same cause of action it was adjudged that they could not maintain an action at that time because of an oral agreement not to sue until other litigation terminated. *Held:* (1) That while they were prevented from maintaining the action the statute of limitations was tolled; (2) that an objection to any testimony under a counter claim for damages, expenses and attorney fees in defending the former action was properly sustained, there being no claim that the former action was not prosecuted in good faith, and any claim arising out of the breach of the agreement to forbear being barred by the statute of limitations.

Appeal from Miami district court. Opinion filed March 11, 1911. Affirmed.

*Bernard L. Sheridan, Charles T. Meuser,* and *Frank M. Sheridan,* for the appellant.

*Frank L. Martin,* for the appellees.

The opinion of the court was delivered by

PORTER, J.: The appellees recovered a judgment against the appellant in a suit in the district court of Miami county upon the covenants of warranty of title in a bill of sale of seventy-one steers. The bill of sale was in writing, and was executed on February 14, 1900. At that time the First National Bank of Cobleskill, New York, held a chattel mortgage on the steers, and subsequently recovered them from the appellees in a suit in the district court of Reno county. The judgment in that case was affirmed. (*Dendy v. Bank,* 76 Kan. 301.) After the decision of the district court of Reno county the appellees sued Russell in the district court of Miami county on the covenants of title, and he answered setting up an oral agreement with them that no liability should attach to him by reason of the bill of sale until after the final termination of the litigation between the appellees and the bank. The district court decided in his favor and held that the appellees were not entitled to prosecute the action at that time. That case was likewise appealed and the judgment affirmed. (*Dendy v. Russell,* 67 Kan. 721.)

The litigation with the bank of Cobleskill having terminated in favor of the bank, the appellees again brought suit upon the covenants of title in the bill of sale. In his answer the appellant takes a position inconsistent with that taken when the first suit was brought, and now claims that the statute of limitations has barred the action. This, of course, he can not be permitted to do. The decision in the first case had the effect to suspend the right of the appellees to sue on the bill of sale, and while they were prevented from maintaining the action the running of the statute was tolled. This seems too plain to require the citation of authorities.

The court properly sustained an objection to the in-

troduction of testimony under the sixth defense, in which the appellant pleaded the oral agreement not to sue on the bill of sale until the termination of the litigation over the steers and set up a counter claim for damages for the failure to keep the agreement and for expenses, attorney fees and damages in defending the former action. There is nothing to suggest that the former action was not prosecuted in good faith, and the answer nowhere alleges malice or want of probable cause. Where a person has been sued in a civil action he can not, in the absence of a showing of malice, maintain another action to recover damages on the ground that the first action should not have been brought. (*Deere v. Spatz,* 78 Kan. 786. See, also, *Lake v. Hargis,* 82 Kan. 711.)

If the appellant ever had a claim arising out of the breach of the oral agreement it accrued when the first action terminated, and is barred by the statute of limitations. We are not advised upon which ground the court sustained the objection, but either was sufficient. None of the defenses set up by the appellant possesses any merit, and the judgment is affirmed.