Morgan, J.
*317 Plaintiff Geijsbeek sued Martin to recover $1000 expenses incurred in defending a lawsuit brought against him by Gahan, alleging that Martin’s fraud and deceit caused Gahan to sue him. A general demurrer to his complaint was sustained, and judgment entered against him. He now asks a reversal, which is denied for the following reasons:
First, there are comparatively few instances where an action will lie for expenses incurred in defending a civil action. Such loss is, as a general rule, damnum absque injuria. See Weeks’work on that subject, Sec. 70. It is one of the sacrifices any citizen may be called upon to make to organized society. However, instances have arisen, and others may arise, where a civil action may be shown to have been so extremely vexatious and unfounded, and so destitute of any reasonable or probable cause, that the party sued should recover his expenses from the party suing, or from the one who induced or caused the suit. Closson v. Staples, 42 Vt., 209, 1 Am. Rep., 316.
The plaintiff did not allege that the suit in which he incurred the expenses was vexatiously brought, nor that it was destitute of any reasonable or probable cause, and the lower court sustained the demurrer for such reason. Such ruling seems to be correct. Flight v. Leman, 4 Q. B., 883; White v. Dingley, 4 Mass., 432; Dendy v. Russell, 84 Kan., 377, 114 Pac., 239, 240. In the latter case the court- said:
“There is nothing to suggest that 'the former action was not prosecuted in good faith, and the answer nowhere alleged malice or want of probable cause. Where a person has been sued in a civil action he cannot, in the absence of a showing of malice, maintain another action to recover damages on the ground that the first action should not have been brought. Deere v. Spatz, 78 Kan., 786, 99 Pac., 221, 20 L. R. A. (N. S.), 492. See also Lake v. Hargis, 82 Kan., 711, 109 Pac., 670.” [30 L. R. A. (N. S.), 366.]
It seems that the foregoing rule ought to be decisive herein, - even though the plaintiff did not sue the one who *318 brought the suit against him and directly caused the expenses, but sued Martin, who he alleges induced and caused the suit by fraud and deceit perpetrated upon him, the reasonable and proximate result of which, it is contended, was the suit and the loss incurred in defending it. If plaintiff could not recover from the one who brought the suit, it does not seem that he ought to recover from Martin. However, he contends, in effect, that such rule is not applicable. Nevertheless, it does appear from the complaint that whatever Martin may have done wrongfully, or may have wrongfully omitted to do, through fraud or otherwise, resulted in nothing but the loss of the expenses aforesaid; and as “fraud gives no action in any case without damage,” and as the loss sued for was not damage in law, the same conclusion follows that the loss was damnum absque injuria, and cannot be recovered under the allegations of the complaint, because it is not alleged that the suit against the plaintiff was vexatiously brought or vexatiously induced.
Second, it is contended that the rule of law that “a man is presumed to intend the natural consequences of his acts,” is applicable to the facts alleged; and that as the expenses sued for were the natural or proximate result of Martin’s fraudulent acts, he is liable for damages to the extent of the expenses sued for, notwithstanding the rule first announced. It seems impossible to disconnect this contention from such rule, but, aside from the application thereof, the fraud and deceit alleged was not the proximate cause of plaintiff’s loss, nor was the loss the natural consequence thereof, from the facts alleged.
The complaint attempts to state a cause of action ex delicto, and the fraud consisted in charging that Martin “framed and devised in his mind a scheme to use plaintiff as an instrument to persecute Gahan, the manager of a cigar company, into the payment of money” he owed to the cigar company, so that Martin could collect a claim he had, as administrator of-an estate, against the cigar company; *319 and charging that Martin, pursuant to said fraudulent scheme, and concealing his real purpose, employed plaintiff to audit the books of the cigar company, not in good faith, to ascertain the said company’s financial condition, but for the purpose of discovering some ground to prosecute the said manager for embezzlement of the company’s funds, and thereby to coerce him into the payment of what he owed the company, and to use the plaintiff as the instrument to push the prosecution. The complaint further states that plaintiff, induced by Martin’s fraudulent concealment, audited the books and made a report thereof; that Martin took the report to the district attorney, and induced that officer to indict the manager for embezzlement; that Martin so framed his interrogatories at the trial as to indicate to the accused manager that plaintiff had instigated the prose-/ cution; that the accused was acquitted; that thereafter he sued the plaintiff and Martin and Morris, who had assisted in auditing the books, and who had verified the criminal complaint, for damages for malicious prosecution; that judgment was rendered in favor of the defendants, and that plaintiff expended $1000 in defending said suit. These allegations refute the theory that plaintiff’s loss was the reasonable or the proximate result of Martin’s acts. The allegation that the accused lost his suit against the plaintiff carries the presumption that the suit was without merit, and that the criminal prosecution of the accused was without malice, and with probable cause; consequently the natural result of Martin’s acts would have been that no suit w'ould have been brought by the accused. It would not be natural, but unnatural, that the accused would bring such a suit. The allegations disclose, furthermore, that the loss was too remote to be the proximate result of Martin’s acts.
There was an intervening cause — Gahan’s misconceived suit against the plaintiff (the actual and proximate cause of plaintiff’s loss) — which, as has been shown, was not the *320 natural consequence thereof. Weeks’ Damnum Absque Injuria, secs. 116, 117, 118.
In the case of Clark v. Wallace, 51 Colo., 437, 439, 118 Pac., 973, Ann. Cas., 1913, B. 349, our Supreme Court said:
“ ‘The rule is general that a person is not to be held responsible in damages for the remote consequences of his act, or indeed for any but those which are proximate or natural.’ 8 Am. & Eng. Ency. of Law, 561. In D. & R. G. R. R. Co. v. Sipes, 26 Colo., 17, 55 Pac., 1093, it is said that proximate cause is ‘that cause which, in natural and continued sequence, unbroken by any efficient intervening cause, produced the result complained of, and without which the result would not have occurred;’ or ‘that cause which immediately precedes and directly produces an effect, as distinguished from a remote, mediate, or predisposing cause.’
Whether an act was the proximate cause of damage is ordinarily a question for the jury, but when the facts .are undisputed and are susceptible of but one inference, the question is one of law for the court. D. & R. G. R. R. Co. v. Sipes, supra.”
Third, it is extremely doubtful, also, whether the complaint sets forth any acts or omissions of Martin that constitute a fraud upon the plaintiff. The charge is that Martin concealed his real purpose in employing plaintiff to audit the books, which was to use him as an instrument to prosecute Gahan, and that, if he had known Martin’s real purpose, he would not have audited the books. Plaintiff was lawfully employed to do a lawful thing in a lawful way, and the fact that Martin concealed his real purpose would not be a fraud upon plaintiff. Martin was under no legal duty under such circumstances to inform plaintiff of his purpose in employing him. And, although plaintiff alleges that Martin’s real and concealed purpose was to use plaintiff as an instrument to “persecúte” Gahan, yet he also alleges that Martin made it appear to the district attorney, from plaintiff’s auditing report, that Gahan was guilty of *321 embezzlement, and that Gahan, though acquitted, lost his suit against plaintiff, Martin and Morris, for damages for malicious prosecution, thus, in effect, alleging that there was probable cause of Gahan’s guilt, and thus disclosing by his complaint that plaintiff was not used to “persecute,” but only to prosecute, Gahan. Such use of plaintiff was not a fraud upon him, where it appears that there was probable cause of Gahan’s guilt.
Finding no reversible error in the proceedings in the lower court, the judgment is affirmed.