No. 28,585.

The Bankers Investment Company, *Appellee*, v. Clarence A. Butts et al., *Appellants*.

(276 Pac. 824.)

Opinion filed May 4, 1929.

*G. H. Terrill,* of Elkhart, for the appellants.

*Clark A. Wallace, Paul R. Wunsch,* both of Kingman, and *Oscar F. Perkins,* of Elkhart, for the appellee.

The opinion of the court was delivered by

Johnston, C. J.: This was an action of replevin brought by the Bankers Investment Company against Clarence A. Butts and Bessie L. Butts, before a justice of the peace, to recover the possession of a motor truck under the provisions of a chattel mortgage given to secure a promissory note of $198.40. No defense was made before the justice of the peace, and on the testimony the plaintiff was adjudged to be entitled to the possession of the truck and damages for its detention. The defendants appealed from the judgment rendered to the district court, where they filed an answer consisting of a general denial, an admission of the execution of the note and mortgage, and a special denial that they were indebted to the plaintiff on the note and mortgage. They set up a counterclaim in which they pleaded that the plaintiff had previously and wrongfully brought a prior action in replevin against the defendants upon the same subject matter as was involved in the present action, and that by the wrongful issuance of a writ of replevin in the former action they were compelled to expend $207 for the fees and expenses of attorneys, the procuring of a redelivery bond, car hire and gas, and also for board in connection with that proceeding. They therefore

asked judgment against plaintiff for the sum of $207. Plaintiff filed a demurrer to the counterclaim, alleging that it did not constitute a cause of action against plaintiff nor a defense to its action, and stating further that the present action being an appeal to the district court from the justice of the peace, the court had no jurisdiction of the subject matter of the counterclaim since the damages asked in addition to the value of the property claimed exceeded $300 and there was therefore a lack of jurisdiction in the justice court. The court sustained the demurrer to the counterclaim alleged in the answer.

The question presented on the appeal is whether the counterclaim states a cause of action. There is some question as to whether the ruling made upon the so-called demurrer is other than an intermediate one and therefore not appealable before the entry of judgment. If a defense pleaded is superfluous and irrelevant, a proper way of ridding the pleading of such matter is by a motion to strike. (*Seaton v. Chamberlain,* 32 Kan. 239, 4 Pac. 89.) It has been decided that:

"A demurrer may not be employed to rid a single cause of action or defense of irrelevant, redundant or improper matter.

"Where a paper designated as a demurrer is treated as the equivalent of a motion to strike out, a decision of the same is no more than an intermediate order, which cannot be reviewed until final judgment is rendered." (*Sparks v. Smeltzer,* 77 Kan. 44, syl., 93 Pac. 338.)

Here the counterclaim is set forth as a defense in a second paragraph of the petition, and perhaps might be treated as a separate defense subject to challenge by a demurrer. Passing this question without determination and going directly to the sufficiency of the pleaded defense, it must be held that the damages alleged are not recoverable. The general rule is that counsel fees and expenses of litigation, other than ordinary court costs, are not recoverable in an action for damages in the same or a subsequent action. In *Deere v. Spatz,* 78 Kan. 786, 99 Pac. 221, the plaintiff commenced a civil action and before trial dismissed it. Afterwards defendant asked damages for counsel fees and expenses incurred in preparing for a defense of the former action. It was held that in the absence of malice, lack of probable cause or bad faith, such damages could not be recovered. Like holdings were made in *Winstead v. Hulme,* 32 Kan. 568, 4 Pac. 994, and *Dendy v. Russell,* 84 Kan. 377, 114 Pac. 239. See, also, *A. T. & S. F. Rld. Co. v. Stewart,* 55 Kan. 667, 41 Pac. 961; *Lake v. Hargis,* 82 Kan. 711, 109 Pac. 670. In *Henry*

*v. Davis,* 123 Mass. 345, where a dispute arose between parties as to the boundary line between tracts of land, the matter was submitted to arbitration and an award made. A suit in equity was instituted to set aside the award, which was dismissed with costs. The adverse party sought to recover as damages the expenses which he had incurred in defending the suit to set aside the award. In disposing of the case the court said:

"The theory of the law is that the taxable costs awarded to the prevailing party in a suit furnish a full indemnity to him for all his expenses incurred in the suit. Therefore a defendant, who successfully defends a suit brought against him, has no right of action or claim beyond the amount of the taxable costs against the plaintiff therein." (p. 346.)

The subject was considered in *Salado College v. Davis,* 47 Tex. 131, in which it was said:

"To bring an action, though there be no good ground, is not actionable. (*Savil v. Roberts,* 1 Salk. 14; 1 Ld. Raymond 374; *Davies v. Jenkins,* 11 M. & W. 754.) An act which does not amount to a legal injury cannot be actionable because it is done with a bad intent. (Parke, B., in *Stevenson v. Newnham,* 13 Com. B. [76 Eng. Com. L.] 297; 1 Hilliard on Torts, ch. III, sec. 16.)

"In ordinary cases, where no further wrongful act is complained of than the institution of a groundless suit, though done knowingly and with intent to harass, the award of costs is, in contemplation of law, full compensation for the unjust vexation. (*Cotterell v. Jones,* 73 Eng. Com. L. 727.)

"In such cases the defendant recovers his costs, 'but no allowance is made for his time, indirect loss, annoyance, or counsel fees.' (Sedg. on Dam. 38.) He proceeds: 'Every defendant against whom an action is "unnecessarily" brought, experiences some injury or inconvenience beyond what the costs will compensate him for.' This injury or inconvenience results from a resort to the legally constituted tribunals; and it seems to be the policy of the law to content itself with meting out something less than our ideas of natural justice would demand, rather than to increase the risks attending and discouraging such a resort, and at the same time add to the difficulties and intricacies of ordinary litigation." (p. 135. See, also, *Young v. Courtney,* 64 La. 193.)

If the former action had been maliciously brought there might have been a liability for damages for such expenses, but malice or bad faith was not alleged in the pleading. It is said that the first action, which was brought before a justice of the peace, was for a sum in excess of the jurisdiction of that court, and when that fact was realized the action was discontinued. Since malice was not alleged, the error of bringing the action does not warrant the inference that the plaintiff was actuated by malice in bringing it, and hence the claimed fees and expenses are not recoverable.

The judgment is affirmed.