No. 37,558

Ira E. Stringer, *Appellee,* v. Baxter Calmes, *Appellant,* Kansas City Fire & Marine Insurance Company, *Intervenor.*

(205 P. 2d 921)

Opinion filed May 7, 1949.

*Rupert Teall,* of Wichita, argued the cause, and *Carl I. Winsor,* of Wichita, and *Kenneth P. Rockhill,* of Eureka, were with him on the briefs for the appellant.

*Harold G. Forbes,* of Eureka, argued the cause, and *Thomas C. Forbes,* of Eureka, was with him on the briefs for the appellee.

The opinion of the court was delivered by

Thiele, J.: This was an action for damages sustained in an automobile accident. A portion of defendant's answer was stricken and he appeals.

In his petition plaintiff alleged in detail that he was injured because of defendant's negligence in so operating his automobile that

it ran into the rear of plaintiff's automobile and caused it to overturn. It was alleged that defendant was negligent in driving his car while under the influence of intoxicating liquor; at a high rate of speed; in not keeping a reasonable, safe distance behind plaintiff, or if he desired to pass, in the manner in which he attempted to do so; in driving in close proximity to and coming in contact with plaintiff's car while traveling in excess of sixty-five miles per hour, and in other particulars not necessary to detail.

Defendant filed an answer containing a general demurrer, a general denial and a plea of contributory negligence. As a result of a motion to make definite, an amended answer was filed. As a result of a motion to make definite and certain and a motion to strike, defendant filed his second amended answer. It contained a general demurrer, a general denial, a plea of contributory negligence, the paragraph later quoted and allegations setting forth defendant's version of events leading up to and culminating in the plaintiff's injuries.

Plaintiff then filed his motion that, because it was superfluous, irrelevant and immaterial and did not constitute a defense, there should be stricken from the second amended answer the following paragraph:

"The defendant further alleges that the plaintiff was at all times guilty of negligence, per se, by reason of the fact that the said plaintiff was at all times pertinent herein engaged in an unlawful mission, to-wit: Bootlegging intoxicating liquor; that he drove from Eureka to a rendezvous and met the plaintiff and two other men well known to the plaintiff at a point about two miles east of El Dorado on Highway No. 54 where he sold and dispensed a quantity of bootleg, intoxicating liquor to this defendant, all of which said sale and dispensing was and is contrary to the laws of Kansas made and provided; that immediately after buying said intoxicating liquor of and from the plaintiff, the defendant drank a quantity of it; the defendant denies that he became intoxicated by reason thereof, but alleges that if he did become intoxicated, or as a result of said drinking was under the influence of intoxicating liquor, as a result of drinking said liquor sold to him by the plaintiff, and if as the plaintiff proceeded easterly in his automobile from the point where the parties had met to the point where the accident occurred, and that if the defendant was guilty of any or all of the acts of negligence alleged in the petition, said acts of negligence were caused by the defendant's state, as result of having drunk liquor purchased from the plaintiff by the defendant, all of which said alleged acts were contributed to by the plaintiff as a result of his act of selling to the defendant said intoxicating liquor."

That motion was sustained and the defendant has appealed, assigning the ruling as error.

We notice first the appellee's contention that the ruling complained of is not an appealable order, and our attention is directed to *Bankers Investment Co. v. Butts,* 128 Kan. 213, 214, 276 Pac. 824, and other cases of like import. Appellee recognizes, however, that under *Funkhouser Equipment Co. v. Carroll,* 161 Kan. 428, 432, 168 P. 2d 918, and cases cited, that if the allegations stricken constituted a defense the motion had the attributes of a demurrer and the ruling would then be appealable. Under the circumstances we must examine the stricken allegations to determine whether they state a defense to plaintiff's petition.

In support of his contention that the allegations quoted constituted a defense, the appellant directs our attention to certain principles of the law of torts that it is the general policy of courts not to permit a person to take advantage of his own wrong, or to found any claim on his own iniquity, and as a general rule that no action will lie to recover on a claim based or depending upon an illegal transaction to which the plaintiff was a party (52 Am. Jur. 436), and if the illegal act to which the plaintiff is a party is a concurring or the proximate cause of the injury of which he complains, he generally has no right of action to damages therefor (1 C. J. S. 999) and he argues that when plaintiff sold and delivered whisky to defendant his own conduct in so doing set in motion the chain of events leading to plaintff's injuries. He argues further that plaintiff's unlawful act created the situation out of which his injuries were incurred, and in a sense, were self-inflicted, and that the law will not permit a person to recover for an injury which he helps inflict on himself. In support he directs attention to *Gilmore v. Fuller,* 198 Ill. 130, 65 N. E. 84, 60 L. R. A. 286, where it was held that one participating in an unlawfully conducted charivari party could not recover for injuries inflicted by another member of the party, and to *Bowlan v. Lunsford,* 176 Okla. 115, 54 P. 2d 666, where a woman who submitted to an abortion sought recovery of damages from one who induced her to submit to the operation and was denied relief.

Appellant also argues that the mere fact appellee is a bootlegger does not prevent his recovery, nor does the fact he sold the whisky to appellant, and it is only when these facts are coupled with the further fact that appellant became intoxicated on that whisky that he is prevented from recovery; that the principle of the parties being in equal wrong does not operate unless there is some connection between the plaintiff's wrongful conduct and his injury but that such connection is clearly stated in the stricken allegations.

Appellant also directs attention to G. S. 1935, 21-2150, which provides that "Every wife, child, parent, guardian or employer, or other person who shall be injured in person or property, . . . by any intoxicated person, or in consequence of intoxication, . . . shall have a right of action, . . . against any person who shall, by selling, bartering or giving intoxicating liquors, have caused the intoxication of such person, for all damages actually sustained, . . ." and to authorities which we need not review, holding that the words "other person" in similar statutes in other jurisdictions cover those other than the specific persons named in such statutes, and would include the appellant. Appellant argues that under the above statute appellee would have been liable to any third person who might have been injured by reason of appellant's intoxication; that such third person would have a cause of action against both appellee and appellant, and since appellee would have been so liable, it follows he cannot recover when he is the victim of his own wrong. In support he relies on *Aldrich v. Harvey*, 50 Vt. 162, 28 Am. Rep. 501, where a tavern keeper sold liquor to one who became disorderly and was refused further accommodations. Such person left and later returned and assaulted the proprietor, who brought action against the offender. A judgment in his favor was reversed, the appellate court holding that under the Vermont statute, if the plaintiff, by voluntary act, had placed himself in relation to the defendant as a co-worker in the same mischief and conspiracy it was not claimed he could recover, and that the law declared not that the injuries were the remote consequences of the defendant's act but the proximate and direct cause, and the plaintiff the author of it, and that he could not recover.

Appellee answers the appellant's argument by directing attention to authorities that at common law no right of action existed against the seller to one injured by the acts of an intoxicated person, for the reason the proximate cause of the injury was the act of the purchaser and not the act of the seller, and that while civil damage acts have been passed modifying the common law, the remedy exists only to the extent provided for in such statutes, and that the common-law rule prevails in a case not coming under such a statute (48 C. J. S. 716) and that although under such statutes the intoxicated person himself sometimes has a cause of action against the liquor seller, in no case can the seller recover damages from the intoxicated person for injuries sustained in consequence of the

acts of the latter (48 C. J. S. 725), and that the statute relied on by the appellant has no application in the instant case.

Appellee contends that his action is one at common law, and he is not precluded from recovery unless the alleged illegal act on his part is a concurring or proximate cause of the injury of which he complains, but that he can maintain his action where the wrong did not contribute to or was not the cause of the injury complained of, and that a defendant will not be permitted to set up his own wrong in defense of an action by an innocent plaintiff, and that it is only upon the grounds of public policy and not out of consideration for the defendant that he is permitted to set up the wrong when the parties are in *pari delicto* insofar as the sale and purchase of the liquor was concerned, and that transaction was completed and over when he delivered the liquor and left the scene, and that thereafter the parties were not in equal fault.

Appellee further argues that even though it be conceded that appellant had a defense under G. S. 1935, 21-2150, if the facts so warranted, it was necessary that defendant be intoxicated (*Coy v. Cutting,* 138 Kan. 109, 23 P. 2d 458) and that he had specifically denied that fact, and therefore was not within the purview of the statute. In his second amended answer appellant denied all allegations except such as are specifically admitted. In the portion stricken he alleged he drank a quantity of the liquor and denied "that he became intoxicated by reason thereof, but alleges that if he did become intoxicated, or as a result of said drinking was under the influence of intoxicating liquor," the acts of negligence were caused by his condition. Although not exactly so stated, the above allegations express an alternative situation.

In *Miller v. Johnson,* 155 Kan. 829, 130 P. 2d 547, this court considered a pleading analogous to that here presented, and held:

"In construing a pleading whose averments are in the alternative, the general rule is that the construction least favorable to the pleader is to be adopted." (Syl. ¶ 1.)

The interpretation least favorable to the pleader is that he was not intoxicated, and so considered he would not be within the act, the provisions of which he seeks to relieve him of liability.

In our opinion, however, there is a more fundamental reason for affirming the trial court. As has been pointed out, at common law, persons injured in person or property by an intoxicated person had no cause of action against the person selling the intoxicating liquor

to the offender. The above statute conferred such a right, and notwithstanding general statements that statutes in derogation of the common law are to be strictly construed, which incidentally is not the law in Kansas (G. S. 1935, 77-109), it is the law that one claiming to be within the protection of the act must so show. (See, e. g., *Conroy v. Perry*, 26 Kan. 472, syl. ¶ 2; *Oil Co. v. McEvoy*, 75 Kan. 515, 517, 89 Pac. 1048; and *Spalding Lumber Co. v. Slusher*, 121 Kan. 155, 157, 246 Pac. 999.). The statute in question does not pretend to give the intoxicated person any cause of action against the seller, nor does it give the seller any cause of action against the intoxicated person. For the purpose of suits of one against the other, the basis must be something other than the above statute. Appellee contends, and we think properly so, that his action is against the appellant for common-law negligence. The stricken allegations of the answer do not disclose that as to that negligence the parties were in *pari delicto*, nor do they disclose a defense to plaintiff's cause of action.

In our opinion the ruling of the trial court was correct, and considering that ruling as appealable, it is affirmed.